**Alfred HERNANDEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–97–515–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 18, 1999.

Michael Valicek, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for State.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

### OPINION

Justice RODRIGUEZ.

Appellant, Alfred Hernandez, was charged by indictment with aggravated robbery with a deadly weapon.[1] A jury found him guilty

---

1. Tex. Penal Code Ann. § 29.03 (Vernon 1994).

and the court assessed punishment at forty-five years in prison. Hernandez timely filed a motion for new trial alleging newly discovered evidence. The trial court denied his motion without a hearing. Hernandez appealed. We abate and remand.

In his sole point of error, Hernandez contends the trial court erred in not conducting an evidentiary hearing on his motion for new trial.

 The State responds that a hearing was properly denied because Hernandez failed to show that he had exercised "due diligence" in discovering the evidence in question. *See Moore v. State*, 882 S.W.2d 844, 849 (Tex.Crim.App.1994) (detailing requirements for granting of new trial based upon newly discovered evidence). Due diligence, however, is a substantive requirement for a new trial and a defendant need not present a prima facie case for a new trial in order to get a hearing. *McIntire v. State*, 698 S.W.2d 652, 657–58 (Tex.Crim.App.1985); *Vera v. State*, 868 S.W.2d 433, 436 (Tex. App.—San Antonio 1994, no pet.); *Meriwether v. State*, 814 S.W.2d 557, 558 (Tex.App.—Beaumont 1991, no pet.).

 While a defendant may have a right to a hearing, it is not an absolute right and we will only reverse a trial court's decision not to conduct a hearing on a motion for new trial where the court has clearly abused its discretion. *Reyes v. State*, 849 S.W.2d 812, 815–16 (Tex.Crim.App.1993). "To be entitled to a hearing on a motion for new trial, the motion must be accompanied by one or more affidavits that: (1) raise matters that are not determinable from the record; and (2) show that reasonable grounds exist for granting the defendant a new trial." *Oestrick v. State*, 939 S.W.2d 232, 236 (Tex.App.—Austin 1997, pet. ref'd) (citing *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994)); *see Reyes*, 849 S.W.2d at 816. A hearing on the motion is mandatory if the defendant's motion and affidavit meet the above criteria. *Reyes*, 849 S.W.2d at 816. We must, therefore, ascertain whether the affidavit shows reasonable grounds entitling the defendant to a hearing on the motion. *Jordan*, 883 S.W.2d at 665.

Here, accompanying Hernandez's motion for new trial is an affidavit from Yolanda Zavala. In this affidavit, Zavala testifies that she overheard a conversation between the alleged victim, Francisco Nuñez, and another witness, Adam Charles, whereby Nuñez stated that he "was lying about money and a chain being taken." This evidence raises reasonable grounds that newly discovered evidence may exist which is not fully determinable from the record. We hold the trial court erred in denying Hernandez's motion for new trial without first conducting a hearing. Hernandez's sole point of error is sustained.

This appeal is ABATED and this cause is REMANDED to the trial court for a hearing on Hernandez's motion for new trial.