Rafael Garza MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–99–351–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 2000.

Charles A. Banker, III, McAllen, for Appellant.

Robert E. Bell, Crim. Dist. Atty., Edna, for the State.

Before Chief Justice SEERDEN and Justices DORSEY and YAÑEZ.

## OPINION

Opinion by Chief Justice SEERDEN.

Rafael Garza Martinez pleaded guilty to possession of more than five but less than fifty pounds of marijuana, a third degree felony. The jury sentenced Martinez to eight years imprisonment and ordered him to pay court costs and a fine of $7,500. On appeal, Martinez argues that he was denied effective assistance of counsel. We affirm.

### Presentment of Motion for New Trial

 In its brief, the State does not reach the merits of the appeal, but instead argues only that Martinez waived error by failing to timely present his motion for new trial. The defendant must present a motion for new trial to the trial court within ten days of filing unless the court in its discretion permits it to be presented and heard within seventy-five days from the date when the court imposes or suspends sentence in open court. TEX.R.APP. P. 21.6; *see Musgrove v. State*, 960 S.W.2d 74, 76 (Tex.Crim.App.1998). The defendant is required to present the motion in order to put the trial court on actual notice that he desires the trial court to take some action on the motion for new trial, such as a ruling or a hearing on it. *Carranza v. State*, 960 S.W.2d 76, 78 (Tex.Crim.App. 1998). Thus, the mere filing of a motion for new trial alone is not sufficient to show presentment. *Id.; see Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App.1993).

In this case, Martinez's motion for new trial was timely filed on May 3, 1999. The motion contains a request that the court set a hearing thereon. The record further contains an order stating that "It is noted by the court that the above Defendant's Motion for New Trial was presented to the court," which was "signed for entry" and filed on May 17, 1999. While this order does not contain a factual recitation regarding the date that presentment occurred, we will assume that it occurred on the date that the order was signed and filed, on May 17, 1999. Thus, presentment occurred in excess of ten days following the filing of the motion for new trial. The order on presentment does not expressly address the timeliness of presentment; however, we find that the trial court's execution of this order indicates that the trial court, in its discretion, allowed late presentment of the motion for new trial. TEX. R.APP. P. 21.6.

### Hearing on Motion for New Trial

 On appeal, Martinez contends that he received ineffective assistance of counsel and that the trial judge erred by failing to conduct a hearing on his motion

for a new trial wherein he asserted that he was denied effective assistance of counsel. A defendant does not have an absolute right to a hearing on a motion for new trial. *Reyes*, 849 S.W.2d at 815; *Bruno v. State*, 916 S.W.2d 4, 8 (Tex.App.-Houston [1st Dist.] 1995, pet. refused). Whether the trial judge errs by failing to hold a hearing on a motion for new trial is reviewed using an abuse of discretion standard. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993); *Macri v. State*, 12 S.W.3d 505, 510 (Tex.App.-San Antonio 1999, pet. refused). When a motion for new trial presents matters that are not determinable from the record, the trial judge abuses his discretion by failing to hold a hearing; however, if the motion presents matters that are determinable from the record, the trial judge does not abuse his discretion by failing to conduct a hearing. *Reyes*, 849 S.W.2d at 816. The purpose of the hearing is for a defendant to develop the issues raised in a motion for new trial. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994); *Bruno*, 916 S.W.2d at 8.

■■■ While a hearing may be necessary to develop issues raised in a motion for new trial, an unrestricted requirement of holding hearings on matters not determinable from the record could lead to "fishing expeditions." *Reyes*, 849 S.W.2d at 816. Therefore, as a prerequisite to a hearing, the motion for new trial must be supported by affidavit of the accused or someone else, specifically showing the truth of the grounds alleged as a basis for a new trial. *Id.* A defendant need not establish a prima facie case for a cognizable ground raised in a motion for new trial; he must assert only reasonable grounds for relief that are not determinable from the record. *Jordan*, 883 S.W.2d at 665; *see Hernandez v. State*, 989 S.W.2d 796, 797 (Tex.App.-Corpus Christi 1999, no pet.). Affidavits which are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist.

*Jordan*, 883 S.W.2d at 665. If the defendant's motion and affidavit are sufficient, a hearing on the motion is mandatory. *Id.*; *Reyes*, 849 S.W.2d at 816.

### Analysis

■■■ In his motion for new trial, Martinez argued that he was denied effective assistance of counsel because counsel failed to timely inform him of an offered plea bargain and failed to discuss the advantages and disadvantages of trial. Martinez's allegations of ineffective assistance of counsel are not determinable from the record. Therefore, we must determine whether his affidavit shows reasonable grounds which would entitle him to a hearing on the motion. *Jordan*, 883 S.W.2d at 665; *Hernandez*, 989 S.W.2d at 797. In support of his motion, Martinez offered his own affidavit, which provides in part, as follows:

> I was not told by my Attorney, Rudy Garza, until March 28, 1999, the day before we were set for trial, that there was a plea offer made by the District Attorney to my counsel. On Sunday, March 28, 1999, I met with my attorney, Rudy Garza, in his office in Corpus Christi, Texas and he told me for the first time that the District Attorney had made a plea offer of 4 years to do in prison. Prior to that time, Mr. Garza had never discussed with me a plea bargain offer or what my options were as far as plea bargaining or going to trial. I did not communicate to Mr. Garza my acceptance or rejection of the plea offer on that day. I really did not have enough time to think about it. We left the meeting agreeing we would wait to see what would happen the following morning in Jackson County. When I arrived the next morning the first thing my attorney communicated to me that the offer had changed to eight years. My attorney never made sufficient time with me to discuss a plea bargain, a plea offer, or the pros and cons of going to trial in Jackson County. If I had known

what I know now about jury verdicts in Jackson County and had I sufficient time to talk about the pros and cons about going to trial in Jackson County with my attorney, and had sufficient time to consider the 4 year offer, I would have taken the 4 year offer instead of going to trial. My attorney did not communicate this offer in a timely manner or discuss the pros and cons of going to trial in this county in a sufficient manner to allow me to make an informed decision regarding accepting a plea offer or going to trial.

We initially note that the court of criminal appeals has held that counsel's failure to timely convey a plea bargain offer from the State to a client is error, and that such representation falls below an objective standard of reasonableness. *Ex parte Wilson,* 724 S.W.2d 72, 74 (Tex.Crim.App. 1987). Nevertheless, Martinez's affidavit fails to allege reasonable grounds necessary to grant relief.

First, Martinez specifically states that he concurred in the decision not to accept or reject the plea bargain, but to "wait to see what would happen" the day of trial. Second, Martinez fails to *unconditionally* state that, if he had timely known of the plea bargain, he would have accepted it. Third, the affidavit is factually insufficient in that it fails to establish when the plea bargain offer was first made by the State relative to when it was communicated to Martinez, and when the offer was withdrawn. Finally, we note that Martinez's allegations regarding ineffective assistance are similar to those previously held to be conclusory and deficient by the court of criminal appeals. *See Jordan,* 883 S.W.2d at 665–66 (affidavit alleged that counsel was ineffective in "spending an insufficient amount of time ... in advising me," and "counsel's advice and lack of advice did not allow me an informed and conscious choice as to the alternative, options, and choices.").

Martinez's affidavit was deficient, and his motion for new trial was not sufficient to put the trial judge on notice that reasonable grounds existed to believe counsel's representation may have been ineffective. We conclude the trial court did not err in failing to hold an evidentiary hearing on appellant's motion for new trial. *Reyes,* 849 S.W.2d at 816.

The judgment is affirmed.

Dissenting Opinion by Justice YAÑEZ.

Justice LINDA REYNA YAÑEZ, dissenting.

I dissent.

The court of criminal appeals has held that failing altogether to inform a client of a plea offer constituted ineffective assistance of counsel, *see Wilson,* 724 S.W.2d at 74. I believe that, where no deadline is included with the offer, reasonably effective assistance of counsel must include warning the client that the State has not agreed to hold the offer open for any specified period, and that the offer can be withdrawn at any time. Many clients will not be familiar with legal proceedings, and, like the appellant in this case, may not anticipate that the State might withdraw its offer at any time. The criminal defendant depends on the knowledge and experience of his counsel to protect him against these kinds of pitfalls.

The majority holds that, because Martinez "concurred in the decision not to accept or reject the plea bargain, but to 'wait to see what would happen the day of trial,'" his claims fails. However, Martinez's decision to postpone accepting or rejecting the offer was made without knowledge that the offer could be withdrawn.

I would hold that, by failing to warn appellant that there was no deadline included with the State's offer and that it might be withdrawn at any time, trial counsel's performance fell below the standard of reasonableness under prevailing professional norms. *See Strickland,* 466 U.S. at 688, 104 S.Ct. 2052.

I would also hold that appellant was sufficiently prejudiced by counsel's deficient performance to satisfy *Strickland.* In a recent opinion, the Texas Court of Criminal Appeals had this to say about this issue:

> While a trial court is not obligated to accept the terms of a bargain reached by the parties, courts generally have not required that the defendant show the trial court would have accepted a plea bargain in establishing prejudice in these circumstances. The prevailing view is that a defendant is prejudiced by the missed opportunity of accepting such bargain and presenting it to the trial court for consideration in sentencing. [citations omitted]. Applicant was deprived of the opportunity of accepting the State's twenty year plea bargain offer and presenting it to the trial court for consideration in setting applicant's sentence. We hold applicant was prejudiced in this respect.

*Ex parte Lemke,* 13 S.W.3d 791, 796–97 (Tex.Crim.App.2000).

*Lemke* also holds that the proper remedy when a criminal defendant has been deprived of a proper opportunity to accept a plea offer is to reinstate the plea offer. *Id.* at 798. I would reverse the trial court's judgment and remand with orders that the trial court withdraw appellant's plea, require the State to reinstate the plea offer for four years incarceration, and allow appellant to re-plead.