NUMBER 13-03-215-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

PEDRO GARCIA,                                                               Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 319th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Pedro Garcia, was convicted after a bench trial on one count of
sexual assault of a child and three counts of indecency with a child. See TEX. PEN.
CODE ANN. §§ 22.011; 21.11 (Vernon 2003). The trial court assessed a sentence of
life imprisonment for the sexual assault offense and three concurrent twenty-year
sentences for indecency with a child. The trial court has certified that this case “is not
a plea-bargain case, and the defendant has the right of appeal.” See TEX. R. APP. P.
25.2(a)(2). By three points of error, appellant contends: (1) the trial court erred in
failing to grant appellant’s motion for directed verdict; (2) the trial court erred by failing
to grant a hearing on appellant’s motion for new trial; and (3) appellant was denied
effective assistance of counsel. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See TEX. R. APP. P. 47.4. 
II. MOTION FOR A DIRECTED VERDICT
         By his first point of error, appellant contends the trial court erred in failing to
grant appellant’s motion for directed verdict because the evidence is legally insufficient
to sustain his convictions for sexual assault and indecency with a child. 
A. Standard of Review
         A point of error regarding a trial court’s failure to grant a directed verdict is
treated as a challenge to the legal sufficiency of the evidence. Williams v. State, 937
S.W.2d 479, 482 (Tex. Crim. App. 1996); Nam Hoai Le v. State, 963 S.W.2d 838,
841 (Tex. App.–Corpus Christi 1998, pet. ref’d). To determine legal sufficiency, this
Court must examine the evidence presented in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the offense present beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000). 
In making this determination, the reviewing court considers all the evidence admitted
that will sustain the conviction, including improperly admitted evidence. Conner v.
State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). Questions concerning the
credibility of witnesses and the weight to be given their testimony are to be resolved
by the trier of fact. Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). 
Evidence is not rendered insufficient when conflicting evidence is introduced. 
Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). The reviewing
court must assume that the fact finder resolved conflicts, including conflicting
inferences, in favor of the verdict, and must defer to that resolution. Id. 
         On appeal, we measure the legal sufficiency of the evidence by the elements of
the offense as defined by a hypothetically correct jury charge. Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge accurately sets out the law,
is authorized by the indictment, does not unnecessarily increase the State’s burden of
proof or unnecessarily restrict the State’s theories of liability, and adequately describes
the particular offense for which the defendant is being tried. Id.  
B. Analysis
         Appellant specifically challenges the evidence related to the date the offenses
occurred and the sexual contact element of the sexual assault conviction. 
         First, appellant contends the evidence did not substantiate that the offenses
occurred “on or about May 15, 2001.” However, the State is not required to allege
a specific date in an indictment. Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim.
App. 1997). “It is well settled that the ‘on or about’ language of an indictment allows
the State to prove a date other than the one alleged in the indictment as long as the
date is anterior to the presentment of the indictment and within the statutory limitation
period.” Id. In this case, the victim’s testimony, her mother’s testimony, and medical
records show the offenses occurred anterior to the presentment of the indictment. 
Reviewing this evidence in the light most favorable to the verdict, we conclude any
rational trier of fact could have found beyond a reasonable doubt that the offenses
occurred “on or about May 15, 2001.” See Jackson, 443 U.S. at 319.
         Appellant next argues that the victim never testified that appellant’s sexual
organ contacted her sexual organ, which is an element of the sexual assault offense. 
See TEX. PEN. CODE ANN. § 22.011 (Vernon 2003). At trial, the victim testified that
appellant touched her “cookie” with his penis both on the inside and on the outside. 
Furthermore, the victim told Nurse Sonja Eddleman that appellant put his “private” in
her and pointed toward her female sexual organ. 
         Reviewing this evidence in the light most favorable to the verdict, we conclude
any rational trier of fact could have found the sexual contact element of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 319. Therefore, the evidence
is legally sufficient, and the trial court did not err in denying appellant’s motion for
directed verdict. Accordingly, we overrule appellant’s first point of error.
 III. FAILURE TO GRANT HEARING FOR NEW TRIAL
         By his second point of error, appellant contends the trial court erred by failing
to hold a hearing on his motion for new trial. A trial court’s decision not to conduct
a hearing for a new trial is reviewed for abuse of discretion. Salazar v. Staten, 38
S.W.3d 141, 148 (Tex. Crim. App. 2001); Hernandez v. State, 989 S.W.2d 796, 797
(Tex. App.–Corpus Christi 1999, no pet.). To be entitled to a hearing on a motion for
new trial, the motion must be accompanied by one or more affidavits that: (1) raise
matters that are not determinable from the record; and (2) show that reasonable
grounds exist for granting a new trial. Jordan v. State, 883 S.W.2d 664, 665 (Tex.
Crim. App. 1994); Hernandez, 989 S.W.2d at 797. Appellant’s original motion for new trial only provided a general challenge to the
findings of the trial court.


 The affidavit made no claims raising matters that are not
determinable from the record or showing reasonable grounds for granting a new trial. 
See Jordan, 883 S.W.2d at 665; Hernandez, 989 S.W.2d at 797. 
         Therefore, we conclude the trial court could did not abuse its discretion in
denying a hearing on appellant’s motion for new trial. Appellant’s second point of
error is overruled.
IV. INEFFECTIVE ASSISTANCE OF COUNSEL 
         In his third point of error, appellant contends he was denied effective assistance
of counsel. Specifically, appellant argues that trial counsel was ineffective because
he advised appellant to waive his right to a jury trial, and he failed to present alibi
witnesses.A. Standard of Review
 
         The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate
that it violated a defendant’s sixth amendment right to counsel. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55
(Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus
Christi 2000, no pet.). To establish ineffective assistance of counsel, appellant must
show: (1) his attorney’s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for his attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex. App.–Corpus Christi 2000, pet.
ref’d).
         Appellant bears the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. See Munoz, 24 S.W.3d at 434; Stone, 17 S.W.3d at
350. An allegation of ineffective assistance of counsel will only be sustained if it is
firmly founded, and the record affirmatively demonstrates counsel’s alleged
ineffectiveness. Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.–Corpus Christi
1996, no pet.). The defendant’s burden is even more difficult when the defendant did
not file a motion for new trial asserting ineffective assistance of counsel. See Jackson
v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Gibbs v. State, 7 S.W.3d
175, 179 (Tex. App.–Houston [1st Dist.] 1999, pet. ref’d). 
         There is a strong presumption that counsel’s conduct falls within the wide range
of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). Trial counsel should ordinarily be afforded an opportunity to explain
his actions before being denounced as ineffective and an appellate court will not find
ineffectiveness based on speculation. Bone v. State, 77 S.W.3d 828, 835-36 (Tex.
Crim. App. 2002); Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.–Houston [1st
Dist.] 2000, pet. ref’d). In the absence of evidence of counsel’s reasons for the
challenged conduct, an appellate court will assume a strategic motivation and will not
conclude that the conduct was deficient unless the conduct was so outrageous that
no competent attorney would have engaged in it. Garcia v. State, 57 S.W.3d 436,
440 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim.
App. 1999).B. Analysis
         Appellant contends his trial counsel was ineffective because he advised
appellant to waive his right to a jury trial, and because he failed to investigate and
present an alibi defense. 
         The record reflects appellant made the decision to waive his right to a jury trial
without pressure or coercion from his trial counsel. Appellant was informed of his
rights and the consequences of his actions; nevertheless, he chose to waive his right
to a jury trial. Furthermore, assuming his trial counsel advised him to waive his right
to trial by jury, the record does not reflect his trial counsel’s reasoning regarding this
decision. We must therefore assume a strategic motivation. See Garcia, 57 S.W.3d
at 440.
         Additionally, in order to prevail on a claim of ineffective assistance of counsel
for failing to investigate alibi witnesses, appellant must present evidence to support
his contention. Johnson v. State, 691 S.W.2d 619, 626-27 (Tex. Crim. App. 1984);
Phetvongkham v. State, 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet.
ref’d). Without evidence to support his contention, appellant has not rebutted the
presumption he was adequately represented. See Garcia, 57 S.W.3d at 440; Jackson,
877 S.W.2d at 771. 
         Furthermore, even assuming that trial counsel’s representation was
unreasonable, appellant has not satisfied the second prong of Strickland. Considering
all the evidence presented supporting his conviction, it is unlikely, in this case, that a
trial by jury or presentation of alibi witnesses would have produced a different
outcome. Thus, we conclude appellant has not shown his attorney’s actions fell
below an objective standard of reasonableness. Strickland, 466 U.S. at 867. We also
conclude that appellant has not shown there is a reasonable probability that, but for
his attorney’s errors, the result of the proceeding would have been different. Id. 
Appellant’s third point of error is overruled.
         We note that although appellant’s attempt at a direct appeal has been
unsuccessful, he is not without a potential remedy. Challenges requiring development
of a record to substantiate a claim such as ineffective assistance of counsel, may be
raised in an application for writ of habeas corpus. See TEX. CODE CRIM. PROC. ANN.
art. 11.07 (Vernon Supp. 2004); Cooper v. State, 45 S.W.3d 77, 82 (Tex. Crim. App.
2001); Ex parte Torres, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997). 
V. CONCLUSION
 
            Accordingly, the judgment of the trial court is affirmed.
 
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
 
Do not publish.
Tex. R. App. P. 47.2(b).
 
Memorandum Opinion delivered and
filed the 5th day of August, 2004.