**Troy Lynn JORDAN aka Troy Lynn Jordon, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 906–93.

Court of Criminal Appeals of Texas, En Banc.

April 27, 1994.

Tony Aninao, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alan Curry and Denise Nassar, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was convicted of delivery of cocaine, enhanced by proof of one prior felony conviction, and sentenced to seventy-five years confinement. The Court of Appeals affirmed. *Jordan v. State*, 852 S.W.2d 689 (Tex.App.—Houston [14th] 1993). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in concluding the trial judge's failure to hold a hearing on appellant's motion for new trial was not an abuse of discretion and did not conflict with our decision in *Reyes v. State*, 849 S.W.2d 812 (Tex.Cr.App. 1993). *See*, Tex.R.App.Pro. 200(c)(3). We will affirm.

Appellant was represented by court-appointed counsel at trial. Afterward, trial counsel was substituted by appellate counsel. Appellate counsel filed a motion for new trial alleging nine reasons why trial counsel was ineffective. The motion was supported by a sworn affidavit. Appendix.[1] The motion was timely filed and presented to the trial judge as required by Tex.R.App.Pro. 31. The trial judge overruled the motion without holding a hearing.

On appeal, appellant argued that since the motion for new trial was properly filed and alleged matters not determinable from the record, the trial judge's failure to hold a hearing was in conflict with our holding in *Reyes*. The Court of Appeals held there was no abuse of discretion in the trial judge's denial of the motion for new trial and found

---

1. Appellate counsel also filed an amended motion with attached documentation showing trial counsel had at one time been suspended from the practice of law. However, this amendment was untimely because it was not filed within thirty days after appellant's sentence was imposed. Tex.R.App.Pro. 31(a)(2).

*Reyes* distinguishable because "appellant failed to show how the facts, if true, affected the representation he received." *Jordan,* 852 S.W.2d at 692. Appellant now argues the Court of Appeals misapplied *Reyes.*

In *Reyes* the defendant filed a motion for new trial which alleged ineffective assistance of trial counsel for failing to communicate to him a plea offer. We noted that in prior opinions "we have held, in certain instances, the trial judge abuses his discretion in failing to hold a hearing on a motion for new trial that raises matters which are not determinable from the record." *Id,* 849 S.W.2d at 816. We further opined that as a prerequisite to a hearing, and as a matter of pleading, motions for new trial must be supported by an affidavit of either the accused or someone else specifically showing the truth of the grounds asserted. *Ibid.* However, the affidavit is not required to reflect every component legally required to establish relief but the motion for new trial or affidavit must reflect that reasonable grounds exist for holding that such relief could be granted. *Ibid.*

■ We have previously held that a defendant need not establish a *prima facie* case for a single cognizable ground raised in his motion for new trial. *McIntire v. State,* 698 S.W.2d 652, 658 (Tex.Cr.App.1985). *Reyes* makes it clear that a defendant need only assert reasonable grounds for relief which are not determinable from the record in order to be entitled to a hearing. Therefore, contrary to the Court of Appeals' opinion in the instant case, if the defendant's motion and affidavit are sufficient, a hearing on the motion is mandatory. *Reyes,* 849 S.W.2d at 816. The purpose of the hearing is for a defendant to fully develop the issues raised in his motion for new trial. *See, Trevino v. State,* 565 S.W.2d 938, 940 (Tex.Cr.App.1978).

■ Appellant's motion was timely filed, properly presented to the trial judge and was supported by his sworn affidavit, which is set out in the appendix. However, this fact alone does not end our inquiry; we must determine whether the affidavit shows reasonable grounds which would entitle him to a

hearing on the motion. *See, McIntire,* 698 S.W.2d at 658. Although Appellant asserts nine allegations of ineffective assistance, the affidavit is conclusory in nature. For example, appellant alleged counsel failed to properly investigate the facts and failed to subpoena two named witnesses, Willie Carr, Jr., and Wanda Carr, "who could have provided crucial exculpatory information to the jury about the facts of the case." [2] However, appellant failed to say why counsel's investigation was deficient, or what further investigation would have revealed. In addition, he failed to state what the two witnesses would have said to exculpate him. Like the defendant in *Reyes,* if either of these grounds had been properly supported by facts, and found to be true by the trial judge after a hearing, appellant may have been entitled to a new trial. However, we hold this affidavit is deficient. Therefore, the motion for new trial was not sufficient to put the trial judge on notice that reasonable grounds existed to believe counsel's representation may have been ineffective. *See and compare, Green v. State,* 754 S.W.2d 687, 687–688 (Tex.Cr.App. 1988) (juror affidavits submitted in support of motion sufficient to show reasonable grounds that jury misconduct occurred); *McIntire,* supra at 659–660 (motion and supporting affidavits sufficient to show reasonable basis for new trial existed); *Owens v. State,* 763 S.W.2d 489, 493–496 (Tex.App.— Dallas 1988, pet. ref'd) (defendant's motion sufficiently detailed to show trial judge deprived defendant of various constitutional rights).

Appellant's motion for new trial, supported by his sworn affidavit, was timely filed and properly presented to the trial judge. The motion alleged matters not determinable from the record, namely that counsel was ineffective. However, because the supporting affidavit was deficient, we hold the trial judge did not abuse his discretion in failing to hold a hearing in accordance with Tex. R.App.Pro. 31(d).

The judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., concurs in the result.

2. We note that a subpoena for Willie Carr, Jr., is included in the record.

*APPENDIX*

AFFIDAVIT IN SUPPORT OF MOTION

\*   \*   \*   \*   \*   \*

1) Counsel was ineffective in failing to properly strongly advise me to accept the State's pre-trial recommendation of 5 years, on a case of Delivery of a Controlled Substance with one enhancement with a 15 year minimum; he told me only that if I went to trial and lost, I probably would get at the most 20 years;

2) Counsel was ineffective in failing to advise me in a manner that promoted an understanding of the law in relation to the facts of the case, in that counsel failed to explain to me the law of parties as applied to the facts of the case;

3) Counsel was ineffective in failing to advise me in a manner that promoted an understanding of the law in relation to the facts of the case, in that counsel failed to go over the elements of the offense with me;

4) Counsel was ineffective in failing to advise me in a manner that promoted an understanding of the law in relation to the facts of the case, in that counsel failed to warn me and inform me as to the range of punishment applicable to the offense charged in the indictment; the first I heard as to the range of punishment and anything about a fine was at the voir dire stage of the jury trial;

5) Counsel was ineffective in failing to advise me in a manner that promoted an understanding of the law in relation to the facts of the case, in that counsel failed to inform me of the right of appeal, rights to confrontation, cross examination, compulsory process and the privilege against self-incrimination;

6) Counsel was ineffective in spending an insufficient amount of time with me in advising me and preparing the case, in that the only consultation time counsel spent with me, outside of cursory visits to the courtroom holdover, was at the Harris County Jail Rehab Center only one time on Sunday October 16, 1991 before the Monday jury trial for about 20 minutes;

7) Counsel was ineffective in failing to advise me in a manner that promoted an understanding of the law in relation to the facts of the case, in that counsel failed to have a subpoena issued for and to have called as defense witnesses at the jury trial, two other witnesses Willy Carr, Jr. and Wanda Carr, who could have provided crucial exculpatory information to the jury about the facts of the case;

8) Counsel was ineffective in failing to properly and thoroughly investigate the facts of the case;

9) Counsel was ineffective in that counsel's advice and lack of advice did not allow me an informed and conscious choice as to the alternative, options, and choices which I could exercise in the case, in order to provide for the best result possible under the circumstances;

/S/Troy Lynn Jordan
Troy Lynn Jordan, Affiant

MEYERS, Judge, dissenting.

It is the main purpose of a pleading, any pleading, fairly and adequately to apprise one's adversary of facts which, if true, entitle the pleader to the relief he requests. In the distant past, pleading requirements were technical and rigorous. From the forms of action at Common Law even into modern times, a litigant's access to court was inhibited by strictures of grammar and incantation which bore little relation to this basic purpose. Eventually, it was realized that "a statement in plain and concise language" was more to the point and that pleadings should not be considered objectionable merely because they contained evidentiary allegations or legal conclusions. If "fair notice to the opponent is given by the allegations as a whole" a pleading should be considered adequate to get the parties into court. Tex. R.Civ.P.Ann. r. 45(b).

Although the criminal law has not enjoyed so general and comprehensive a revolution in the law of pleading, perhaps because the methods associated with criminal accusation are steeped in our traditions of individual liberty and our fears of government oppression, some inkling of modern practice has nevertheless managed to ease the strict formalities of accusatory pleading in the criminal courts. Thus, it has been the case for

many years that "[a]n indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged[.]" Tex.Code Crim.Proc.Ann. art. 21.11 (West 1989).

Until recently, this admonition was of limited significance, since the return of a technically sufficient indictment or information was considered a prerequisite to the criminal court's jurisdiction. But, because this is no longer the case, one might now expect the criminal law in Texas to begin a process of evolution and growth which focuses principally upon the function of a pleading to give notice, and employs it less as an excuse to deny litigants access to a full judicial resolution of their disputes. *See* Tex.Code Crim. Pro.Ann. art. 1.14(b) (West Supp.1994); *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App. 1990). Today, the majority sets that process back a few steps.

Of course, we are not concerned with the sufficiency of an accusatory pleading here. No one claims that the indictment in this case was defective for any reason, let alone for its failure to give the defendant adequate notice of the crime he is alleged to have committed. Indeed, the matter is far more sensitive than that. Our concern in this case is a pleading of the defendant, a motion for new trial. The Court holds this motion to have been deficient for its failure fully to allege a ground for relief. Moreover, the Court has apparently noticed this deficiency *sua sponte.* The record does not reflect, nor does the Court claim, that the State of Texas ever took exception to the motion in the trial court upon the basis that it did not state a ground for relief or sufficiently advise the State of facts which, if true, would entitle the defendant to relief. Yet, believing it to be objectionable in these respects, the Court concludes on its own that the defendant was not even due a judicial hearing of his allegations, in effect holding that his motion for new trial was fundamentally defective. It seems to me that, in light of our recent case

law, such a proposition deserves closer examination.

The broader issue, as I see it, involves two distinct questions—whether a pleading is objectionable and whether an objection to it must be made in the trial court as a prerequisite to appellate review of the deficiency. With respect to the adequacy of a pleading, it is clear to me that all adverse parties are entitled to be told in advance the basis of a claim with enough clarity and specificity to assure that it can be fully and fairly litigated. But, in keeping with recent trends to promote ease of access to the courts by simplifying pleading requirements, I am generally opposed to judicially created doctrines which impose new requirements not reasonably necessary to notify adversaries of a pleader's claim.

As for the question of preservation and default, it is my opinion that courts are not free to ignore pleadings filed with their clerks, no matter how deficient those pleading may be. Rather, once it is clear that all interested parties are before the court, the pleadings should be entertained in due course. If a party feels deprived of important rudimentary information necessary to the preparation of his own case and not otherwise subject to the discovery process, he should then move to quash the pleadings, or take exception to them in some other manner cognizable by the court before which they are pending. His failure to do so should be regarded as a default of any such complaint to the same extent as is true in the civil process generally and is now true in the criminal process even with respect to the basic accusatory pleadings of the State.

Of course, these general considerations are always subject, especially in the criminal arena, to such statutes and rules as are pertinent to the particular pleading in issue. In the present context, therefore, it is well to examine the rules promulgated by this Court governing motions for new trial. About nine years ago, these rules replaced, without much substantive change, a group of statutes on the same subject which were codified in chapter 40 of the Code of Criminal Procedure. In their present incarnation, they prescribe the available legal grounds for new

trial motions, lately held not to be exhaustive, *Reyes v. State,* 849 S.W.2d 812 (Tex.Crim. App.1993); *Evans v. State,* 843 S.W.2d 576 (Tex.Crim.App.1992), the time limits for presentation to and disposition by the court of such motions, and the effect upon conviction if a motion for new trial is granted. Tex. R.App.Proc. 30, 31(a), (c) & (e), 32. They also provide that "[t]he State may take issue in writing with the truth of any reason set forth by accused in his motion" and that "[t]he court is authorized to hear evidence by affidavit or otherwise and to determine the issues." Tex.R.App.Proc. 31(b) & (d), respectively.

It is my distinct impression from reading these rules that motions for new trial in criminal cases are generally to be treated and resolved in more or less the same manner as other disputes subject to jurisdiction of the judicial branch, by the usual adversary method, according to ordinary considerations of due process and due course of law. What process is due, and what course it should take, need not be exactly the same in disposing of new trial motions as it is in other disputes before the courts. For example, the rules specifically authorize, as they do in other contexts, a relaxation of the rules of evidence by allowing determination upon affidavits of issues raised by motion for new trial. But, except to the extent that special requirements are expressly imposed by statute or rule, it seems to me that pleadings in general, and motions for new trial in particular, ought all to be entertained by the courts and evaluated for their sufficiency in much the same way and under much the same circumstances.

In the instant cause, appellant filed a timely, verified motion for new trial claiming that he had been denied the effective assistance of counsel. He then alleged nine particular respects in which his attorney's performance was deficient, including a claim that his lawyer had not fully investigated the case before trial and had not produced witnesses who could have provided "crucial exculpatory information[.]" Finally, he averred that such deficiencies "did not allow [him] an informed and conscious choice as to the alternative, options, and choices which he could exercise

in the case[.]" A majority of this Court now holds that he was not entitled to a hearing on these allegations because his pleading was "conclusory in nature[,]" because he "failed to say why counsel's investigation was deficient, or what further investigation would have revealed[,]" and because "he failed to state what the two witnesses would have said to exculpate him." Maj.Op. at 665.

This is an astonishing pretext for denying appellant that which we have lately come to recognize is his right under our law, a hearing "to adduce facts of a matter not otherwise shown on the record." Tex.R.App.Proc. 30(a); *Reyes,* 849 S.W.2d at 815–16; *Green v. State,* 754 S.W.2d 687 (Tex.Crim.App.1988); *McIntire v. State,* 698 S.W.2d 652 (Tex.Crim. App.1985). Undoubtedly, it is appropriate to insist that a motion for new trial allege these facts plainly and concisely, because that is what the State of Texas must know to prepare for the evidentiary hearing at which movant is expected to prove his case. But I can find nothing in the rules governing disposition of motions for new trial to indicate that an evidentiary hearing of such issues is conditioned upon any special pleading requirements.

In my estimation, appellant's motion for new trial does state his claim "in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant." As the majority itself concedes, if either of appellant's grounds for relief "had been properly supported by facts, and found to be true by the trial judge, appellant may have been entitled to a new trial." Maj.Op. at 665. Yet the Court today denies him even an opportunity to meet his burden of proof for no better reason than that he has not pled his evidence. Even a capital murder indictment need not plead so much.

It is true, of course, that we have in recent years imposed similar requirements in the habeas corpus context. Applications for the writ have occasionally been regarded by this Court as insufficient to state a cause of action when they fail expressly to allege facts upon the basis of which it might found that alleged constitutional errors are harmful. *Ex parte Dutchover,* 779 S.W.2d 76 (Tex.Crim.App.

1989); *Ex parte Maldonado,* 688 S.W.2d 114 (Tex.Crim.App.1985). Although I doubt the wisdom of these cases, it is sufficient to point out in the present context that a post-conviction collateral attack differs considerably from a motion for new trial in its procedural aspects alone. Those considerations of finality which may have moved the Court to insist upon a rigorous allegation of harm in such proceedings simply do not apply to motions for new trial, in which errors are to be investigated and corrected very near the time of their occurrence. It does not therefore follow from our habeas jurisprudence that motions for new trial, or other essential pleadings in the criminal justice process, should generally be subjected to the same rigorous regulation as applications for the writ of habeas corpus.

But even if it became necessary to impose strict pleading requirements on motions for new trial, it would still be flatly unfair to regard new trial motions as fundamentally defective for failure to meet such requirements. Because the essential purpose of a pleading is merely to apprise adversaries of its basis in fact, a lack of specificity is not a rational ground for dismissing it, let alone ignoring it, unless an adversary complains about it. In the absence of such a complaint, the motion should be heard in the same way as a pleading which does not suffer from any similar defect. Because there are no statutes or rules which expressly provide that motions for new trial not be subject to the usual principles of procedural default or which absolutely require such motions to be pled with a certain specificity, *Marin v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993), it is grossly unfair for this Court to invent such a requirement from whole cloth without adequate explanation.

In the instant cause, it does not appear that the State of Texas opposed appellant's motion for its failure to provide adequate notice of his complaint. Given that the State's own pleadings in this case, including the indictment itself, could not have been dismissed *sua sponte* by the trial judge, nor could an ensuing judgment be reversed on appeal at appellant's request, for a lack of specificity not objected to by him before trial,

*Studer,* 799 S.W.2d 263, I can think of no satisfactory reason for subjecting appellant's own pleadings to such scrutiny without a statutory mandate to such effect. Yet the majority in this cause, without attempting to justify such disparate treatment of his pleadings, denies appellant even the rudiments of due process and due course of law.

This cause should be remanded to the Court of Appeals with instructions that the appeal be abated until such time as appellant has been given a full evidentiary hearing of his motion for new trial. Because the Court refuses to do so, I dissent.

CLINTON and MALONEY, JJ, join.