TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00506-CR







Juventino Hernandez


a/k/a Tino Hernandez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-94-0232-S, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty to an information accusing him of burglary of a habitation. 
Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex.
Penal Code Ann. § 30.02, since amended). After hearing evidence, the district court adjudged
appellant guilty and assessed punishment at imprisonment for forty-seven years.

 In points of error one and two, appellant contends he was afforded ineffective
assistance of counsel at the guilt stage. To prevail on this claim, appellant must show that counsel
made such serious errors that he was not functioning effectively as counsel and that these errors
prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. Strickland
v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State,
837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). Appellant concedes in his brief that
there is no evidence in the record to support his contentions regarding counsel's alleged
ineffectiveness. He asks this Court to remand the cause to the district court for an out-of-time
hearing on his motion for new trial so that supporting evidence may be adduced. Reyes v. State,
849 S.W.2d 812, 816 (Tex. Crim. App. 1993); McIntire v. State, 698 S.W.2d 652, 660-61 (Tex.
Crim. App. 1985). 

 Appellant is not entitled to an out-of-time hearing on his motion for new trial
because the motion was not sufficient to entitle him to a hearing and because he was not, in any
event, improperly denied a hearing by the district court. Appellant's motion for new trial alleged
that trial counsel was ineffective because he "failed to subpoena all requested witnesses" and
"failed to investigate sufficiently before trial, in that he did not talk to certain prospective
witnesses." These conclusory allegations were not supported by an affidavit naming the requested
witnesses and describing their potential testimony, or articulating the manner in which counsel's
investigation was deficient and indicating what a proper investigation would have revealed. 
Instead, the supporting affidavit by appellant merely stated that "all the allegations of fact
contained [in the motion] are true and correct." The amended motion for new trial repeated the
conclusory allegations contained in the original motion and was not supported by an affidavit. 
These pleadings were not sufficient to put the district court on notice that reasonable grounds
existed to believe counsel's representation may not have been effective. Jordan v. State, 883
S.W.2d 664, 665 (Tex. Crim. App. 1994). 

 Sentence was imposed in this cause on July 1, 1994. A hearing on appellant's
motion and amended motion for new trial was scheduled for September 9 but was not held due
to the illness of counsel. Thereafter, the motion for new trial was overruled by operation of law
on September 14. Tex. R. App. P. 31(e)(3). There is no evidence that appellant attempted to
have the hearing rescheduled before that date. Thus, even if the pleadings had been sufficient to
entitle appellant to a hearing, he has not shown that the district court refused to grant him a timely
hearing.

 Finding no support in the record for appellant's claim of ineffective assistance of
counsel at the guilt stage and no grounds for remanding the cause for an out-of-time hearing on
appellant's motion for new trial, we overrule points of error one and two.

 Appellant's third point of error is that trial counsel was ineffective at the
punishment stage. The test for effectiveness of counsel at the punishment stage of a noncapital
trial is whether counsel was reasonably likely to render and rendered effective assistance. Ex
parte Craig, 825 S.W.2d 128, 130 (Tex. Crim. App. 1987); Ex parte Cruz, 739 S.W.2d 53, 57-58 (Tex. Crim. App. 1987). In reviewing this claim of ineffective assistance, we must indulge
a strong presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 During his testimony at the guilt stage, appellant admitted that he sexually assaulted
the complaining witness. In an interview with a probation officer contained in the presentence
report, however, appellant claimed that no sexual assault occurred. Appellant contends trial
counsel was ineffective because he put on no evidence at the punishment stage to "rebut" this
inconsistency. Although appellant does not explain what this evidence would have been, the only
thing that suggests itself is recalling appellant to testify in an effort to explain his prior statements.

 Defense counsel addressed this matter during his argument to the court at the
sentencing hearing. He explained that the inconsistency between appellant's trial testimony and
his statement to the probation officer was more apparent than real, and merely reflected
appellant's lack of familiarity with the legal definition of penetration. The decision to deal with
appellant's inconsistent statements in this manner rather than by recalling appellant to testify was
a strategic one that we will not second-guess. Point of error three is overruled.

 Finally, appellant asserts that his guilty plea was involuntary because "counsel's
advice was not within the range of competence demanded of attorneys in criminal cases and, but
for trial counsel's errors, Appellant would not have pled guilty and would have insisted on going
to trial." There is nothing in the record to support the allegation that counsel gave appellant
erroneous advice. We have already held that the record does not support appellant's allegations
of ineffectiveness during trial. Point of error four is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: October 11, 1995

Do Not Publish



leged
that trial counsel was ineffective because he "failed to subpoena all requested witnesses" and
"failed to investigate sufficiently before trial, in that he did not talk to certain prospective
witnesses." These conclusory allegations were not supported by an affidavit naming the requested
witnesses and describing their potential testimony, or articulating the manner in which counsel's
investigation was deficient and indicating what a proper investigation would have revealed. 
Instead, the supporting affidavit by appellant merely stated that "all the allegations of fact
contained [in the motion] are true and correct." The amended motion for new trial repeated the
conclusory allegations contained in the original motion and was not supported by an affidavit. 
These pleadings were not sufficient to put the district court on notice that reasonable grounds
existed to believe counsel's representation may not have been effective. Jordan v. State, 883
S.W.2d 664, 665 (Tex. Crim. App. 1994). 

 Sentence was imposed in this cause on July 1, 1994. A hearing on appellant's
motion and amended motion for new trial was scheduled for September 9 but was not held due
to the illness of counsel. Thereafter, the motion for new trial was overruled by operation of law
on September 14. Tex. R. App. P. 31(e)(3). There is no evidence that ap