NO. 07-00-0209-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 26, 2002

_____

WILLIE MORRIS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;

NO. 9428208; HONORABLE MIKE ANDERSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Willie Morris, Jr., appeals from a judgment adjudicating his guilt for forgery. He urges that the trial court erred in failing to grant a hearing on his post-adjudication motion for new trial. We affirm.

A grand jury of Harris County indicted appellant for forgery. Honoring a plea bargain between appellant and the State, the trial court deferred adjudication of appellant and placed him on community supervision for five years. In January, 2000, the State moved

for adjudication. On January 27, 2000, the trial court held a hearing on the State's motion, adjudicated appellant guilty, and sentenced him to five years incarceration in the Texas Department of Criminal Justice, Institutional Division. Appellant then filed a motion for new trial. His motion was comprised of an affidavit verified by his attorney and by appellant. The substance of the affidavit consisted of allegations and recitations that before appellant entered into his plea bargain for deferred adjudication appellant's trial counsel had not (1) properly investigated the charges in the indictment, (2) interviewed witnesses, or (3) sought compulsory process for witnesses who would have testified to facts proving appellant's innocence of the forgery charge. The affidavit also set out an alleged misunderstanding of the original plea proceedings and consequences of the plea on the part of appellant.

The trial court denied the motion for new trial without holding a hearing. Appellant's appeal is from the denying of his motion without an evidentiary hearing having been held. He asserts that the trial court was required to hold a hearing because his motion referenced matters not determinable from the record, and upon which he could be entitled to relief. He urges that his motion for new trial was sufficient to require the trial court to hold an evidentiary hearing to determine if his initial deferred adjudication plea was voluntary and if he received effective assistance of counsel in connection with the plea. He seeks abatement of this appeal and remand with directions for the trial court to hold an evidentiary hearing on his motion for new trial.

A hearing on a motion for new trial is not required when the matters raised in the motion are subject to being determined from the record. See Reyes v. State, 849 S.W.2d 812, 816 (Tex.Crim.App. 1993). In certain instances, however, the trial court abuses its

2

discretion in failing to hold a hearing on a motion for new trial that raises matters which are not determinable from the record. See Jordan v. State, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994); Reyes, 849 S.W.2d 816. The purpose of such a hearing is for a defendant to fully develop the issues raised in his motion for new trial. See Jordan, 883 S.W.2d at 665. When an accused presents a motion for new trial raising matters not determinable from the record, upon which the accused could be entitled to relief, the trial court abuses its discretion in failing to hold a hearing. See Reyes, 849 S.W.2d at 816.

A defendant placed on deferred adjudication must appeal issues relating to the original deferred adjudication proceeding when deferred adjudication is first imposed, and cannot appeal such matters after revocation of probation and adjudication. See Daniels v. State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App.1999). The appellant in Daniels sought reversal of his conviction because the reporter's record of his original plea hearing had been lost. The appellant urged that the lost record prevented him from challenging the voluntariness of his plea and rulings on pretrial motions. See Daniels, 30 S.W.3d at 408. The Court of Criminal Appeals held that the reporter's record was not necessary to the appeal because Daniels could not, after revocation of his probation and adjudication, appeal "any issues relating to the original deferred adjudication proceeding." Id.

All of the matters referenced in appellant's motion for new trial related to the proceedings leading to his original deferred adjudication plea hearing. Appellant could have appealed such issues only when deferred adjudication was first imposed. Id. The issues raised in appellant's motion for new trial could not be considered on direct appeal

3

following revocation of probation and adjudication. The issues in appellant's motion would not have entitled him to relief, even if found to be true. <u>Id</u>.

Accordingly, the trial court did not abuse its discretion in denying appellant's motion without holding an evidentiary hearing. We affirm the judgment of the trial court.

Phil Johnson
Justice

Do not publish.

4