# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00296-CR

**Justin Dwayne Ferris, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
NO. 99-182, HONORABLE JACK H. ROBISON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Justin Dwayne Ferris appeals from an order revoking community supervision. He brings forward three points of error, each of which relates to the issue of jail time credit. We will overrule these points and affirm the revocation order.

Appellant pleaded guilty in October 1999 to stealing property worth more than $1500. The district court adjudged him guilty of theft and assessed punishment at incarceration in a state jail for 545 days and a $1000 fine. *See* Tex. Pen. Code Ann. ' 31.03(a), (e)(4)(A) (West Supp. 2003). The court suspended imposition of sentence and placed appellant on community supervision. In November 2000, appellant pleaded true to the violations of supervision alleged in a motion to revoke. The court elected to continue him on supervision subject to modified conditions, including residence in an intermediate sanction facility and successful completion of a residential drug treatment program. Appellant=s supervision was

revoked in February 2002, after he pleaded true to the violations alleged in a second motion to revoke. The district court imposed sentence of incarceration for 500 days, subject to credit for time served. The revocation order directs that appellant be given credit for 200 days, which the record shows is the time he spent in the Caldwell County jail from his initial arrest in this cause until revocation.

In points of error one and two, appellant urges that he is entitled to additional credit for time spent in a state jail after he was continued on supervision in November 2000. *See* Tex. Code Crim. Proc. Ann. art. 42.12, ' 15(h)(3) (West Supp. 2003). He contends the district court reversibly erred by failing to accurately determine the time credit to which he is entitled and by signing the revocation order before an accurate determination of time credit was made. In point of error three, he contends the court erred by failing to conduct a hearing on his motion for new trial in which he asserted his entitlement to additional time credit.

The facts underlying appellant=s contentions are as follows. The November 2000 order continuing appellant on community supervision directed him to Areside at the 2nd 25th [*sic*] Judicial District Intermediate Sanction Facility for a term of not more than 24 months@ and to A[s]ubmit to residential alcohol/drug treatment until successfully terminated at ARC of Bexar County.@ Appellant asserts that the residential drug treatment facility referred to in the latter condition was also the intermediate sanction facility referred to in the former, but neither the text of the modified conditions of supervision nor anything else in the record supports this assertion. At the February 2002 hearing on the second motion to revoke, the court, referring to the modified conditions of supervision, remarked that appellant was Aretained on probation with intermediate sanctions, but somewhere out of that [he] ended up in the state jail.@ The

2

record does not indicate the basis for this remark. Later, defense counsel stated that he had been told by appellant that he spent six months in state jail, but no evidence was introduced to support this statement. In his brief, appellant refers us to a Amotion to waive court ordered debts@ contained in the clerk=s record. This motion, which was filed by appellant=s supervision officer and granted by the district court in May 2001, asked that appellant be excused from paying his court-ordered fees during the time he Awas incarcerated in the Caldwell County jail and in ISF in Gonzales, Tx.@

The facts summarized above do not demonstrate that appellant is entitled to credit for time spent in a state jail. First, there is no support for his assertion that the San Antonio drug treatment facility was the intermediate sanction facility in which he was ordered to reside. Second, there is no evidence that the Gonzales facility in which he supposedly spent time was not an intermediate sanction facility.[1] To the contrary, the motion to waive debts on which appellant relies refers to this facility as an AISF.@ Appellant=s assertion that he spent six months in a state jail in Gonzales is, on this record, mere speculation.

---

[1]  Appellant concedes that he is not entitled to credit for time spent in an intermediate sanction facility as a condition of supervision.

Moreover, the district court did not err by failing to conduct a hearing on appellant=s motion for new trial. In the motion, appellant asserted that he Ahas served the required sentence of 500 days, but has not been released from custody.@ Because the motion raised a matter outside the record, it was necessary that it be supported by an affidavit demonstrating reasonable grounds for believing that appellant was entitled to the relief sought.[2] *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). Appellant=s motion for new trial was supported by an affidavit from his attorney stating only that Aall of the allegations of fact contained [in the motion] are true and correct.@ The affidavit did not state reasonable grounds for believing that relief should be granted, and therefore the district court did not err by failing to conduct a hearing on the motion.

We also reject appellant=s suggestion that we remand this cause to the district court for a hearing on the time credit issue. Because the record before us does not demonstrate error, there is no basis for us to grant appellate relief. Appellant may obtain a hearing to prove any entitlement to additional time credit by filing an application for writ of habeas corpus. *See Ex parte Evans*, 964 S.W.2d 643, 647-48 (Tex. Crim. App. 1998).

We overrule the three points of error and affirm the order revoking community supervision.

---

[2] We express no opinion whether a motion for new trial was the proper procedural vehicle for obtaining additional time credit.

4

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: January 24, 2003

Do Not Publish