TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00296-CR






Justin Dwayne Ferris, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 99-182, HONORABLE JACK H. ROBISON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




Justin Dwayne Ferris appeals from an order revoking community supervision. He
brings forward three points of error, each of which relates to the issue of jail time credit. We will
overrule these points and affirm the revocation order.

Appellant pleaded guilty in October 1999 to stealing property worth more than $1500. 
The district court adjudged him guilty of theft and assessed punishment at incarceration in a state
jail for 545 days and a $1000 fine. See Tex. Pen. Code Ann. § 31.03(a), (e)(4)(A) (West Supp.
2003). The court suspended imposition of sentence and placed appellant on community supervision. 
In November 2000, appellant pleaded true to the violations of supervision alleged in a motion to
revoke. The court elected to continue him on supervision subject to modified conditions, including
residence in an intermediate sanction facility and successful completion of a residential drug
treatment program. Appellant's supervision was revoked in February 2002, after he pleaded true to
the violations alleged in a second motion to revoke. The district court imposed sentence of
incarceration for 500 days, subject to credit for time served. The revocation order directs that
appellant be given credit for 200 days, which the record shows is the time he spent in the Caldwell
County jail from his initial arrest in this cause until revocation. 

In points of error one and two, appellant urges that he is entitled to additional credit
for time spent in a state jail after he was continued on supervision in November 2000. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 15(h)(3) (West Supp. 2003). He contends the district court
reversibly erred by failing to accurately determine the time credit to which he is entitled and by
signing the revocation order before an accurate determination of time credit was made. In point of
error three, he contends the court erred by failing to conduct a hearing on his motion for new trial
in which he asserted his entitlement to additional time credit.

The facts underlying appellant's contentions are as follows. The November 2000
order continuing appellant on community supervision directed him to "reside at the 2nd 25th [sic]
Judicial District Intermediate Sanction Facility for a term of not more than 24 months" and to
"[s]ubmit to residential alcohol/drug treatment until successfully terminated at ARC of Bexar
County." Appellant asserts that the residential drug treatment facility referred to in the latter
condition was also the intermediate sanction facility referred to in the former, but neither the text of
the modified conditions of supervision nor anything else in the record supports this assertion. At the
February 2002 hearing on the second motion to revoke, the court, referring to the modified
conditions of supervision, remarked that appellant was "retained on probation with intermediate
sanctions, but somewhere out of that [he] ended up in the state jail." The record does not indicate
the basis for this remark. Later, defense counsel stated that he had been told by appellant that he
spent six months in state jail, but no evidence was introduced to support this statement. In his brief,
appellant refers us to a "motion to waive court ordered debts" contained in the clerk's record. This
motion, which was filed by appellant's supervision officer and granted by the district court in May
2001, asked that appellant be excused from paying his court-ordered fees during the time he "was
incarcerated in the Caldwell County jail and in ISF in Gonzales, Tx."

The facts summarized above do not demonstrate that appellant is entitled to credit for
time spent in a state jail. First, there is no support for his assertion that the San Antonio drug
treatment facility was the intermediate sanction facility in which he was ordered to reside. Second,
there is no evidence that the Gonzales facility in which he supposedly spent time was not an
intermediate sanction facility. (1) To the contrary, the motion to waive debts on which appellant relies
refers to this facility as an "ISF." Appellant's assertion that he spent six months in a state jail in
Gonzales is, on this record, mere speculation.

Moreover, the district court did not err by failing to conduct a hearing on appellant's
motion for new trial. In the motion, appellant asserted that he "has served the required sentence of
500 days, but has not been released from custody." Because the motion raised a matter outside the
record, it was necessary that it be supported by an affidavit demonstrating reasonable grounds for
believing that appellant was entitled to the relief sought. (2) See Jordan v. State, 883 S.W.2d 664, 665
(Tex. Crim. App. 1994). Appellant's motion for new trial was supported by an affidavit from his
attorney stating only that "all of the allegations of fact contained [in the motion] are true and
correct." The affidavit did not state reasonable grounds for believing that relief should be granted,
and therefore the district court did not err by failing to conduct a hearing on the motion.

We also reject appellant's suggestion that we remand this cause to the district court
for a hearing on the time credit issue. Because the record before us does not demonstrate error, there
is no basis for us to grant appellate relief. Appellant may obtain a hearing to prove any entitlement
to additional time credit by filing an application for writ of habeas corpus. See Ex parte Evans, 964
S.W.2d 643, 647-48 (Tex. Crim. App. 1998).

We overrule the three points of error and affirm the order revoking community
supervision.



 

 David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: January 24, 2003

Do Not Publish

1. Appellant concedes that he is not entitled to credit for time spent in an intermediate sanction
facility as a condition of supervision.
2. We express no opinion whether a motion for new trial was the proper procedural vehicle for
obtaining additional time credit.