holt v. state

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-394-CR

ANDREW KYLE HOLT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Andrew Kyle Holt appeals from his conviction for aggravated robbery with a deadly weapon.  In two points, appellant contends the trial court abused its discretion in denying his motion for new trial based on his claims of ineffective assistance of counsel and in denying him a hearing on his motion for new trial.  We affirm.

In appellant’s second point, he argues that the trial court abused its discretion in denying him a hearing on his motion for new trial after the hearing had previously commenced but was later postponed at appellant’s request. Following his conviction, appellant filed a motion for new trial alleging:

Trial counsel . . . was wholly ineffective in his attempted preparation and defense of said cause.  Trial counsel’s failure to interview witnesses, develop a viable pretrial and trial strategy, and promote the Defendant’s innocence through skillful cross-examination of the State’s witnesses resulted in the wrongful conviction of Defendant.

In support of this motion, appellant’s counsel filed an affidavit stating that the “facts and matters contained in the . . . Motion for New Trial are true and correct.”  No evidence from the record is discussed or cited to support the motion, nor did appellant specify how trial counsel’s actions were ineffective and resulted in harm to him.

To be entitled to a hearing on a motion for new trial, a defendant need not establish a prima facie case for a single cognizable ground raised in his motion.  
Jordan v. State
, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).  A defendant need only assert reasonable grounds for relief which are not determinable from the record in order to be entitled to a hearing.  
Id.
  If the defendant’s affidavit is conclusory in nature and does not show reasonable grounds for a hearing on the motion, he is not entitled to a hearing on the motion.  
Id. 
 But if the defendant's motion and affidavit are sufficient, a hearing on the motion is mandatory.  
Id.
  The purpose of the hearing is for a defendant to fully develop the issues raised in his motion for new trial.  
Id.

Appellant’s counsel’s affidavit filed in support of the motion for new trial adds nothing to the motion for new trial and wholly fails to develop any of the issues raised in the motion.  The assertion that all the facts in the motion are true is conclusory and does not show reasonable grounds for requiring a hearing on the motion.  Thus, the trial court did not abuse its discretion in denying appellant a hearing on his motion for new trial.  We overrule point two.

In appellant’s first point, he contends that the trial court abused its discretion in denying his motion for new trial on the grounds of ineffective assistance of counsel.  Appellant generally contends that he was denied the effective assistance of counsel at trial because counsel failed to object to damaging hearsay, to interview witnesses, to develop a viable trial strategy, and to prove his eligibility for community supervision.  Specifically, appellant states that at guilt-innocence counsel “informed the jury during his opening statement that the Defendant had been involved in three other robberies that same day”; “failed to object to damaging hearsay testimony of Officer M.W. Moore–the first police officer to interview [the complainant]”; “tried to convince the jury that only a ‘BB gun’ was used by the Defendant in order to negate the deadly weapon charge where the evidence was overwhelming that a deadly weapon was utilized by the alleged perpetrator”; “failed to interview witnesses as reflected by his motion for continuance filed on the day of trial”; and that the “appointment of a licensed private investigator during trial . . . to assist trial counsel in the interviewing of witnesses was ‘too little, too late.’”

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that
 his
 counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id. 
at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

 The record that appellant has brought on appeal fails to rebut the strong presumption of reasonable counsel.  A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal.  
Thompson
, 9 S.W.3d at 813.  Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation.  
Id
.  In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel.  
Id.
 at 813-14; 
Jackson v. State
, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).  To defeat the presumption of reasonable professional assistance, “[a]ny allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness.”  
McFarland v. State
, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), 
cert. denied
, 519 U.S. 1119 (1997). 

The record in this case does not reveal why counsel did not object to hearsay testimony, attempted to prove that the weapon used was a BB gun, or  stated during opening that appellant had been involved in three other robberies on the day of the robbery at issue.  Thus, with regard to those claims, appellant has failed to rebut the presumption that counsel’s actions were reasonably professional and motivated by sound trial strategy.
  See Ramirez v. State
, 76 S.W.3d 121, 128 (Tex. App.—Houston [14
th
 Dist.] 2002, pet. ref’d).  With regard to the failure to interview witnesses, appellant does not indicate which witnesses counsel failed to interview and what, if any, harm resulted from counsel’s failure to interview the witnesses.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  As the State points out, appellants’s trial counsel claimed that he had interviewed two of four witnesses that were the subject of the motion for continuance.  And the State contends that the third witness testified at trial and the fourth witness’s testimony was irrelevant to appellant’s defense. Appellant has not shown otherwise or that he was prejudiced by not being able to interview the witnesses before trial commenced.   

Appellant also claims that counsel was ineffective at punishment for failing to prove that he was eligible for community supervision and to object to a misstatement of law made by the State during closing argument.  Again, the record does not show that the failure to object to the State’s closing argument was not the result of sound trial strategy.  
Ramirez
, 76 S.W.3d at 128.  Finally, the alleged failure of counsel to prove appellant’s eligibility for community supervision could not have been prejudicial because, as a result of being sentenced to seventy years’ confinement, appellant was not eligible for community supervision.  
See
 
Tex. Code Crim. Proc. Ann. 
art. 42.12, § 4(d)(1) (Vernon Supp. 2004).  Accordingly, we overrule appellant’s first point.
(footnote: 2)
 We affirm the trial court’s judgment.

SAM J. DAY

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DAUPHINOT, J. filed a dissenting opinion.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  January 29, 2004

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-394-CR

ANDREW KYLE HOLT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

DISSENTING OPINION

------------

I respectfully dissent from the majority’s holding that Appellant was not entitled to a hearing on his motion for new trial raising ineffective assistance of counsel because his affidavit was conclusory.  The appellate rules governing motions for new trial do not require affidavits;
(footnote: 1) that requirement has been engrafted on the rules by the Texas Court of Criminal Appeals.
(footnote: 2)  Reading the motion and affidavit together, I would hold that the trial court had ample notice of Appellant’s claim and that Appellant was entitled to offer evidence in support of that claim.
(footnote: 3)  I would therefore hold that the trial court abused its discretion by failing to hold a hearing on Appellant’s motion for new trial.

LEE ANN DAUPHINOT

JUSTICE

DELIVERED:  January 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Although appellant might have been able to develop a record to support his contentions had the trial court granted a hearing on the motion for new trial, appellant’s failure to adequately support his motion for new trial with a proper affidavit resulted in appellant not being entitled to a hearing.  Appellant still has recourse to develop the allegations of ineffective assistance of counsel through an application for writ of habeas corpus.  
See Thompson
, 9 S.W.3d at 814-15.   

1:
Tex. R. App. P.
 21.

2:
See, e.g.
, 
McIntire v. State
, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985)
; Jordan v. State
, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).

3:
See McIntire
, 698 S.W.2d at 657; 
Owens v. State
, 763 S.W.2d 489, 491-96 (Tex. App.—Dallas 1988, pet. ref’d); 
see also Jordan
, 883 S.W.2d at 666-69 (Meyers, J., dissenting).

COMMENTS AND ANNOTATIONS
Comment 1:
Majority Opinion Per Curiam; Dissent by Justice Dauphinot