NO. 07-07-0328-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 29, 2008
                                       ______________________________

GEORGE WILLIAM BAHR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 18125-A; HONORABLE RICHARD DAMBOLD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON MOTION TO ABATE AND REMAND
          Appellant George William Bahr seeks abatement and remand of his appeal for the
purpose of a hearing to determine whether he was denied effective assistance of counsel
at trial. The State joins appellant in his request. We abate and remand to the trial court
for a hearing on the motion for new trial.
 
 
Background 
          Appellant was charged with the offense of possession of a controlled substance,
methamphetamine, with intent to deliver. Additionally, the State sought an affirmative
finding of the use of a deadly weapon during the commission of the offense. Appellant
proceeded to a jury trial on February 12-14, 2007. However, prior to the conclusion of the
trial, appellant absconded. The jury returned its verdict of guilt and assessed appellant’s
punishment of incarceration for life in the Institutional Division of the Texas Department of
Criminal Justice and a fine of $10,000. Appellant was eventually arrested and was
sentenced in open court on May 2. Appellant filed a motion for new trial on May 31, 2007,
contending that he received ineffective assistance of counsel because (1) counsel failed
to interview or call a material witness; (2) advised appellant to accept responsibility for a
portion of the drugs found; and (3) advised appellant to abscond. Attached to the motion
for new trial are two affidavits attesting to the proposed testimony of a witness that claims
to have been a witness to the alleged offense and was available to testify, and a person
who claims to have heard appellant’s counsel advise appellant to abscond. The motion
for new trial was overruled by operation of law. Appellant filed his notice of appeal on July
24.
          On appeal, appellant raises legal sufficiency of the evidence, legal sufficiency of the
affirmative deadly weapon finding, ineffective assistance of counsel, and failure to grant
a motion for new trial raising ineffective assistance of counsel. The State has now filed a 
Motion to Abate Appeal and Remand for Hearing on Appellant’s Motion for New Trial and
Extend Time for Filing Brief. 
Law and Analysis
          When an accused presents a motion for new trial raising matters not determinable
from the record, which could entitle him to relief, the trial judge abuses his discretion in
failing to hold a hearing. King v. State, 29 S.W.3d 556, 569 (Tex.Crim.App. 2000). The
motion must, however, be supported by affidavit specifically showing the truth of the
grounds of attack. Id. However, the affidavit is not required to reflect every component
legally required to establish relief but the motion for new trial or affidavit must reflect that
reasonable grounds exist for holding that such relief could be granted. Jordan v. State,
883 S.W.2d 664, 665 (Tex.Crim.App. 1994).
          In this matter, appellant alleges that appellant’s counsel advised him to abscond. 
Further, appellant’s motion for new trial includes an affidavit from an individual who
allegedly witnessed a conversation between appellant and his counsel discussing the idea
of absconding prior to the verdict. If believed, this evidence, which would not be part of the
trial court’s record, could provide a basis for the relief requested by a motion for new trial
based on ineffective assistance of counsel. Additionally, the State agrees that appellant
has alleged matters not determinable from the record that could entitle appellant to a new
trial and, subsequently filed its motion to abate and remand for a hearing on the motion for
new trial. We agree that appellant’s appeal raises an issue involving factual questions that
should be addressed by the trial court. Tex. R. App. P. 44.4.
 
 
Conclusion
          Therefore, we now abate and remand this matter to the trial court for further
proceedings. On remand the court shall cause notice to be given and conduct a hearing
on appellant’s motion for new trial to determine whether appellant was deprived of effective
assistance of counsel as alleged in appellant’s motion for new trial filed on May 31, 2007.
After conducting the hearing, the trial court shall make and file findings of fact and
conclusions of law. The court shall cause to be prepared a supplemental clerk's record and
reporter's record of the hearing. The supplemental records shall be filed in this court by
April 30, 2008. Accordingly, the State’s motion will also be granted. We will postpone
submission of the case and will modify the time to file briefs once the trial court has held
the ordered hearing and the supplemental records have been received. Tex. R. App. P.
38.6(d).
 
 Per Curiam

 
 
 
Do not publish.