NO. 07-07-0328-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 29, 2008
_____

GEORGE WILLIAM BAHR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 18125-A; HONORABLE RICHARD DAMBOLD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____ON MOTION TO ABATE AND REMAND

Appellant George William Bahr seeks abatement and remand of his appeal for the purpose of a hearing to determine whether he was denied effective assistance of counsel at trial. The State joins appellant in his request. We abate and remand to the trial court for a hearing on the motion for new trial.

## Background

Appellant was charged with the offense of possession of a controlled substance, methamphetamine, with intent to deliver. Additionally, the State sought an affirmative finding of the use of a deadly weapon during the commission of the offense. Appellant proceeded to a jury trial on February 12-14, 2007. However, prior to the conclusion of the trial, appellant absconded. The jury returned its verdict of guilt and assessed appellant's punishment of incarceration for life in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. Appellant was eventually arrested and was sentenced in open court on May 2. Appellant filed a motion for new trial on May 31, 2007, contending that he received ineffective assistance of counsel because (1) counsel failed to interview or call a material witness; (2) advised appellant to accept responsibility for a portion of the drugs found; and (3) advised appellant to abscond. Attached to the motion for new trial are two affidavits attesting to the proposed testimony of a witness that claims to have been a witness to the alleged offense and was available to testify, and a person who claims to have heard appellant's counsel advise appellant to abscond. The motion for new trial was overruled by operation of law. Appellant filed his notice of appeal on July 24.

On appeal, appellant raises legal sufficiency of the evidence, legal sufficiency of the affirmative deadly weapon finding, ineffective assistance of counsel, and failure to grant a motion for new trial raising ineffective assistance of counsel. The State has now filed a Motion to Abate Appeal and Remand for Hearing on Appellant's Motion for New Trial and Extend Time for Filing Brief.

Law and Analysis

When an accused presents a motion for new trial raising matters not determinable from the record, which could entitle him to relief, the trial judge abuses his discretion in failing to hold a hearing. King v. State, 29 S.W.3d 556, 569 (Tex.Crim.App. 2000). The motion must, however, be supported by affidavit specifically showing the truth of the grounds of attack. Id. However, the affidavit is not required to reflect every component legally required to establish relief but the motion for new trial or affidavit must reflect that reasonable grounds exist for holding that such relief could be granted. Jordan v. State, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994).

In this matter, appellant alleges that appellant's counsel advised him to abscond. Further, appellant's motion for new trial includes an affidavit from an individual who allegedly witnessed a conversation between appellant and his counsel discussing the idea of absconding prior to the verdict. If believed, this evidence, which would not be part of the trial court's record, could provide a basis for the relief requested by a motion for new trial based on ineffective assistance of counsel. Additionally, the State agrees that appellant has alleged matters not determinable from the record that could entitle appellant to a new trial and, subsequently filed its motion to abate and remand for a hearing on the motion for new trial. We agree that appellant's appeal raises an issue involving factual questions that should be addressed by the trial court. TEX. R. APP. P. 44.4.

3

## Conclusion

Therefore, we now abate and remand this matter to the trial court for further proceedings. On remand the court shall cause notice to be given and conduct a hearing on appellant's motion for new trial to determine whether appellant was deprived of effective assistance of counsel as alleged in appellant's motion for new trial filed on May 31, 2007. After conducting the hearing, the trial court shall make and file findings of fact and conclusions of law. The court shall cause to be prepared a supplemental clerk's record and reporter's record of the hearing. The supplemental records shall be filed in this court by April 30, 2008. Accordingly, the State's motion will also be granted. We will postpone submission of the case and will modify the time to file briefs once the trial court has held the ordered hearing and the supplemental records have been received. TEX. R. APP. P. 38.6(d).

Per Curiam

Do not publish.

4