**Affirmed and Memorandum Opinion filed May 31, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00534-CR

### JONATHAN CALEB FERNANDEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 13-CR-2333**

## M E M O R A N D U M   O P I N I O N

Appellant Jonathan Caleb Fernandez appeals his conviction and sentence for aggravated sexual assault of a child.  In two related issues, he contends that the trial court abused its discretion in allowing his motion for new trial to be overruled by operation of law without conducting a hearing.  Because we conclude that appellant has not shown he was entitled to a hearing on his motion, we hold that the trial court did not abuse its discretion and we affirm.

## Background

A Galveston County grand jury indicted appellant for aggravated sexual assault of a child. Appellant pleaded guilty. The trial court deferred a finding of guilt and placed appellant on community supervision for ten years. Alleging that appellant had violated certain terms and conditions of his community supervision, the State subsequently moved to revoke appellant's community supervision and adjudicate appellant's guilt. After a hearing, the trial court revoked appellant's community supervision, found appellant guilty of the charged offense, and assessed appellant's punishment at 80 years' confinement.

Appellant filed a motion for new trial, raising several grounds purportedly requiring development of facts outside the existing record; appellant did not include a supporting affidavit. The trial court did not hold a hearing on the motion, which was subsequently overruled by operation of law. Appellant now appeals.

## Analysis

In two related issues, appellant argues that the trial court abused its discretion in not conducting a hearing on the motion for new trial, because the grounds asserted purportedly required development of facts outside the record.

We review a trial court's ruling on whether to grant a hearing on a motion for new trial under an abuse of discretion standard. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). We will reverse only when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.*

The purpose of a hearing on a motion for new trial is to enable the trial court to decide whether the case should be retried and to enable the defendant to develop a record for presenting issues on appeal in the event the motion is denied. *Id.* at 338.

2

A hearing on a motion for new trial is mandatory when the motion and accompanying affidavits raise matters that are not determinable from the record, and the defendant establishes the existence of reasonable grounds showing that he could be entitled to relief. *Id.* at 338-39. The right to a hearing on a motion for new trial under these circumstances, however, is not absolute. *Id.* at 338. As a prerequisite to a hearing when the grounds in the motion are based on matters not already in the record, the motion must be supported by an affidavit specifically setting out a sufficient factual basis for the claims made. *Id.* at 339 (stating that, as prerequisite to hearing when grounds in motion for new trial are based on matters not already in record, motion must be supported by affidavit, either from defendant or someone else); *see also Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).[1]

Appellant filed a motion for new trial, asserting that: (1) he had insufficient time to consider a plea bargain offer prior to the hearing on the State's motion to revoke; and (2) his punishment was unconstitutionally cruel and unusual.[2] On appeal, appellant argues that his entitlement to relief on these grounds could not be determined from the record and thus the trial court was required to hold an evidentiary hearing.[3]

Although appellant supported his motion with a number of letters from friends or acquaintances attesting to the "good person Mr. Fernandez has become," he did

---

[1] "The affidavit requirement for claims grounded on facts outside the appellate record is a product of case law and is not a creature of statute or rule." *Smith*, 286 S.W.3d at 339 n.16.

[2] Appellant also argued that the trial court should grant a new trial in the interest of justice. He acknowledges in his appellate brief that this ground does not require facts to be developed that are outside the record, and he does not assign any error regarding this ground.

[3] *Accord, e.g.*, *Pantoja v. State*, 496 S.W.3d 186, 193 n.4 (Tex. App.—Fort Worth 2016, pet. ref'd) (appellate court unable to determine whether punishment constituted grossly disproportionate sentence or cruel and unusual punishment when record contained no evidence regarding other sentences imposed for same offense).

not file supporting affidavits specifically setting out the factual bases for his claims. Accordingly, we hold that the trial court did not abuse its discretion in not conducting an evidentiary hearing on appellant's motion for new trial. *See Perales v. State*, No. 14-04-00853-CR, 2005 WL 1639076, at *3 (Tex. App.—Houston [14th Dist.] July 14, 2005, no pet.) (mem. op., not designated for publication) (per curiam); *see also Smith v. State*, No. 14-03-00514-CR, 2004 WL 1171821, at *1 (Tex. App.—Houston [14th Dist.] May 27, 2004, no pet.) (mem. op., not designated for publication) (overruling appellant's issue contending trial court erred in not conducting a hearing "[b]ecause appellant's motion is not accompanied by an affidavit"); *Robinson v. State*, 514 S.W.3d 816, 826 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) ("Because appellant did not support his motion for new trial with any affidavits specifically setting out the factual basis for his claims, he was not entitled to a hearing on his motion."); *Klapesky v. State*, 256 S.W.3d 442, 454 (Tex. App.—Austin 2008, pet. ref'd) ("A motion for new trial alleging facts outside the record without supporting affidavits is not a proper pleading and is defective; a trial court does not err in refusing to grant a hearing on such a motion.").

We overrule appellant's two issues on appeal.

### Conclusion

We affirm the trial court's judgment.

/s/     Kevin Jewell
         Justice

Panel consists of Justices Busby, Brown, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).