Affirmed and Memorandum Opinion filed July 14, 2005









Affirmed and Memorandum Opinion filed July 14, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00853-CR

____________

 

ROBERTO PERALES,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th District
Court

Harris County, Texas

Trial Court Cause No.
822,265

 



 

M E M O R A N D U M   O P I N I O N








Appellant entered a plea of guilty, on March 16, 2001, to the
offense of driving while intoxicated.  On
August 15, 2001, the trial court sentenced appellant to confinement for ten
years in the Institutional Division of the Texas Department of Criminal Justice
and assessed a fine of $1,000.00, but suspended the sentence and placed
appellant on 10 years of community supervision. 
The State subsequently moved to revoke appellant=s community supervision.  On August 9, 2004, the trial court signed a
judgment revoking community supervision and sentencing appellant to seven years
in the Texas Department of Criminal Justice, Institutional Division and
assessing a fine of $1,000.  Appellant
filed a pro se notice of appeal.

Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant
filed a pro se response, claiming that he was without counsel during the
critical thirty-day period after sentencing, that the trial court erred in
failing to hold a hearing on issues raised in his pro se motion for new trial,
that trial and appellate counsel provided ineffective assistance, and that
documents are missing from the record.








We turn first to appellant=s argument that he was denied counsel
at a critical stage.   An appointed
attorney=s legal responsibilities do not
terminate at the conclusion of trial.  Oldham
v. State, 977 S.W.2d 354, 362 (Tex. Crim. App. 1998) (citing Ward v.
State, 740 S.W.2d 794 (Tex. Crim. App. 1987)).  Thus, trial counsel, whether appointed or
retained, has the duty, obligation, and responsibility to advise his client
concerning the meaning and effect of the judgment rendered, the right to
appeal, and the necessity of filing a notice of appeal and other steps required
to pursue appeal, as well as to offer his professional judgment regarding
possible grounds for appeal, their merit, and the advantages and disadvantages
of appeal.  Id. (citing Ex
parte Abel, 757 S.W.2d 369 (Tex. Crim. App. 1988)).  There is a presumption that appellant was
represented by counsel and that counsel acted effectively.  Id. 
If appellant claims he was not represented during the critical thirty
days following judgment, the record must establish this.  See id. at 362-63 (holding fact
that appellant filed a pro se notice of appeal and appellate counsel was
appointed sixty-two days after judgment is insufficient to rebut presumption
that appellant was represented during critical period).  

The record in this case contains no motion to withdraw by
appointed trial counsel; however, a reset form (seeking reset of revocation
hearing), filed by trial counsel includes a handwritten notation, Anot do appeal.@ 
Appellant states that trial counsel advised him she does not do appeals
and that she mailed him a letter of withdrawal on August 12, 2004, but the
record does not support these claims. 
The record also contains appellant=s pro se notice of appeal and motion
for new trial.  

The facts and reasoning in Oldham v. State, 977 S.W.2d
354 (Tex. 1998) are helpful in analyzing appellant=s complaint.  In Oldham, the appellant was
represented by counsel at trial.  Id. at
355.  Following sentencing, appellant
filed a pro se notice of appeal.  Id.  Appellate counsel was appointed 62 days after
sentencing.  Id. at 363.  The Court of Criminal Appeals held that these
facts did not rebut the presumption that appellant was represented by counsel
and that counsel acted effectively.  Id.  Nothing in the record suggested that the
attorney failed to discuss the merits of a motion for new trial with
appellant.  Id.  Furthermore, the fact that appellant filed a
pro se notice of appeal was found to be evidence that appellant was informed of
at least some of her appellate rights.  Id.








Here, the record shows the following: (1) appellant was
represented by appointed trial counsel; (2) trial counsel allegedly made a
notation that she would not handle the appeal; (3) appellant filed a pro se
notice of appeal on August 11, 2004, two days after sentence was imposed
(August 9, 2004); (4) appellant filed a pro se motion for new trial, which was
filed within the 30-day deadline, given that it was mailed on September 7,
2004; and (5) counsel on appeal was appointed on August 23, 2004.  This does not establish that counsel
abandoned appellant after sentence was imposed. 
The fact that appellant filed his pro se notice of appeal within two
days of sentencing indicates that appellant must have been informed of at least
some of his appellate rights. 
Furthermore, appellate counsel was appointed well before the deadline
for filing a motion for new trial had run. 
Accordingly, we hold that the record shows that appellant was
represented by counsel at all times, and that appellant has failed to establish
that trial counsel acted ineffectively in failing to file a motion for new
trial.

Appellant next complains the trial court abused its
discretion by failing to hold a hearing on appellant=s motion for new trial.  To be entitled to a hearing, a defendant need
only assert reasonable grounds for relief which are not determinable from the
record.  Jordan v. State, 883
S.W.2d 664, 665 (Tex. Crim. App. 1994). 
The motion for new trial must be supported by an affidavit of either the
accused or someone else specifically showing the truth of the grounds asserted.  Id. (citing Reyes v. State, 849
S.W.2d 812 (Tex. Crim. App.1993).  The
affidavit need not reflect every component legally required to establish relief
but the motion for new trial or affidavit must reflect that reasonable grounds
exist for holding that such relief could be granted.  Id. 

In Jordan, the motion was timely filed, properly
presented to the trial judge and was supported by appellant=s sworn affidavit.  Id. 
Although appellant asserted nine allegations of ineffective assistance, the
affidavit was conclusory in nature.  Id.  For example, appellant alleged counsel failed
to properly investigate the facts and failed to subpoena two named witnesses,
but appellant failed to say why counsel's investigation was deficient, or what
further investigation would have revealed. 
In addition, appellant failed to state what the two witnesses would have
said to exculpate him.  Id.  Because the court found the affidavit was
deficient, the court held that the motion for new trial was not sufficient to
put the trial judge on notice that reasonable grounds existed to believe
counsel's representation may have been ineffective.  Id. 
Thus, the court found no abuse of discretion by the trial judge in
failing to hold a hearing in accordance with Rule 31(d).  Id. (citing Tex. R. App. P. 31(d)).








Here, appellant filed a timely motion for new trial, alleging
new evidence.  Appellant did not allege
ineffective assistance of counsel, and he filed no affidavit with the
motion.  As for the Anew evidence,@ appellant did not describe this
evidence and did not explain how this new evidence would exculpate him.  When an accused presents a motion for new
trial raising matters not determinable from the record, which could entitle him
to relief, the trial judge abuses his discretion in failing to hold a
hearing.  King v. State, 29 S.W.3d
556, 569 (Tex. Crim. App. 2000).  The
motion must be supported by an affidavit specifically showing the truth of the
grounds of attack.  Id.  None of appellant's bare assertions establish
facts entitling him to a new trial.  Id.  Accordingly, we find no abuse of discretion
by the trial judge in failing to hold a hearing on appellant=s motion for new trial.

Finally, appellant claims he received ineffective assistance
of counsel.  Appellant is prohibited from
attacking the original conviction on revocation of probation.  Jordan v. State, 54 S.W.3d 783, 785
(Tex. Crim. App. 2001).  A claim of
ineffective assistance during the plea proceeding is an issue that may be
raised by direct appeal from the conviction or in a post-conviction writ of
habeas corpus.  Id. at 787 n.
18.  The only exception to the rule
prohibiting an attack on the original conviction is if the underlying judgment
is void.  Id. at 785.  Appellant does not raise an allegation that
the original conviction is void. 
Accordingly, we will not address appellant=s claim of ineffective
assistance  

We have carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit. 
Further, we find no reversible error in the record. 

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed July 14, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson. 

Do Not Publish C Tex. R. App. P. 47.2(b).