Opinion filed September 27, 2007 












 
 
  
 
 







 
 
  
 
 




Opinion filed September
27, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00017-CR 

                                                    __________

 

                               WILLIAM
LOUIS LEBLANC, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 50th District Court

 

                                                          Baylor County, Texas

 

                                                     Trial
Court Cause No. 5265

 



 

                                                                   O
P I N I O N

The
trial court convicted William Louis LeBlanc, upon his plea of guilty, of
possession of  pseudoephedrine with the intent to manufacture methamphetamine. 
Appellant also entered pleas of true to both enhancement allegations.  A plea
bargain agreement was not entered.  The trial court assessed his punishment at
confinement for life.  We affirm.

                                                              I.
Background Facts

There
is no challenge to the sufficiency of the evidence.  The record reflects that,
after a hearing, the trial court overruled appellant=s motion to suppress the evidence seized as a
result of the execution of a Ano
knock@ search warrant.








Appellant
then entered his plea of guilty and pleas of true.  In open court, the trial
court extensively admonished appellant concerning the consequences of his plea
and questioned both appellant and his counsel about appellant=s decision to enter a
guilty plea.  Appellant was also admonished in writing and signed both a
judicial confession and a stipulation of evidence.  Appellant=s trial counsel signed the
written admonishments.  The trial court signed the written admonishments and
the stipulation of evidence.

Mary
Carline Griffin testified that she owned the house and had leased it to
appellant.  John H. Wilkerson, Jr., the narcotics officer for the Seymour
Police Department, testified that he executed the search warrant.  Appellant
and a female companion were the only people present when the police arrived. 
The couple were on the bed, and appellant was not fully clothed at the time.

Officer
Wilkerson found a white plastic bucket containing 249 pseudoephedrine pills and
two packages of Energizer lithium batteries, four cans of Prestone starting
fluid, a can of petroleum distillate, a bottle of Vitablend, both used and
unused hypodermic needles, a set of digital scales, small plastic bags,
marihuana, pipes for smoking marihuana, a pipe for smoking methamphetamine, a
small bag of filters, three metal measuring spoons, and a box of shop rags. 
Officer Wilkerson testified that some of the pseudoephedrine pills were marked Afor prescription only@ and that what he found Atold [him] that somebody
was about to cook methamphetamine.@

Eight
counterfeit driver=s
licences were also recovered.  All but one of the licenses featured appellant=s picture.  Seventeen
individual checks and two checkbooks were also found.  All of the checks and
both checkbooks had been reported as stolen.

The
State introduced pen packets showing appellant=s
Arkansas convictions for arson and theft, his 1990 Harris County conviction for
possession of cocaine, his 1993 Tarrant County conviction for possession of
methamphetamine, his 1997 Tarrant County conviction for possession of
amphetamine, and his 2002 Grimes County conviction for possession of
methamphetamine with intent to deliver.  Appellant testified that since 1984 he
had been convicted seven times, that he had been to the penitentiary five
times, and that none of his convictions involved violence.  Appellant told the
trial court that he knew he deserved to go to prison for the present offense and
did not deserve another chance but asked the trial court to give him Aa chance to come out with
[his] head up.@








After
the trial court assessed a life sentence, appellant requested that new counsel
be appointed for an appeal.  Appellate counsel filed a motion for new trial
contending that appellant was denied effective assistance of counsel at trial. 
Attached to the motion was appellant=s
handwritten, unsworn declaration pursuant to Tex.
Civ. Prac. & Rem. Code Ann. '
132.001-.003 (Vernon 2005).  Appellate counsel also requested a hearing on the
motion.  The trial court denied a hearing on the motion, and the motion was
overruled by operation of law.  

                                                                    II. 
Sole Issue

In
his sole issue on appeal, appellant contends that the trial court erred when it
failed to conduct a hearing on his motion for new trial.  We disagree.

                                                                    III. 
Analysis

A. 
Standards of Review

It
is well-settled that a trial court abuses its discretion when it refuses to
conduct a hearing on a proper motion for new trial when a hearing is timely
requested and the supporting documentation raises matters not determinable from
the record.  Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App.
2003); Martinez v. State, 74 S.W.3d 19, 21 (Tex. Crim. App.
2002); King v. State, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000); Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994); Reyes v.
State, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993).  While the supporting
documentation is not required to establish a prima facie case, the
documentation must reflect reasonable grounds upon which relief could be
granted. Wallace,106 S.W.3d at 108; Martinez,74 S.W.3d at
21; King, 29 S.W.3d at 569; Jordan, 883 S.W.2d at 665; Reyes,
849 S.W.2d at 816.  Defendants are not entitled to hearings to conduct  Afishing expeditions.@  King, 29 S.W.3d at
569.  The allegations in the supporting documentation must be sufficient to put
the trial court on notice and not merely conclusory in nature; if not, the
documentation is deficient.   Jordan, 883 S.W.2d at 665.

B. 
Appellant=s
Claims in His Supporting Documentation








In
his statement, appellant alleged that his trial counsel was ineffective because
trial counsel did not advise him of the potential risks and benefits of
entering a guilty plea, because counsel did not do what appellant asked him to
do, and because trial counsel did not explain state and federal law to him. 
Appellant asserted that counsel never visited him and never wrote him. 
Appellant stated that he filed two written requests for new counsel and made
one oral request for new counsel because he was not satisfied with his trial
counsel.  Appellant further stated that he was innocent of the charge and that
trial counsel never gave any specifics on how they would defend his case. 
Appellant said that his trial counsel told him that Athe [S]tate >had
my ass=@ and that A[t]hose farmers are going
to give you a life sentence.@
Appellant concluded his statement with the allegation that, had his trial
counsel explained the law and Athe
pros and cons@ of
testifying, he would not have entered the guilty plea.

C. 
Was the Supporting Documentation Sufficient to Entitle Appellant to a Hearing?

The
supporting documentation contained conclusory statements and did not make
reasonable allegations upon which relief could be granted.  As such, the
documentation was deficient.  Id.  The record before this court does not
support appellant=s
contentions that the trial court abused its discretion in denying a hearing on
the motion for new trial.  In fact, the record supports the State=s contentions that
appellant received effective representation by trial counsel and that his pleas
were knowingly and voluntarily entered.  Trial counsel filed numerous and
appropriate pretrial motions and actively represented appellant through out the
proceedings.  The trial court sufficiently admonished appellant.  The sole
issue is overruled.

                                                                    IV. 
Holding

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

September 27,
2007

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.