855·15    856·15    857·15

NO. F-11-41658-P
F-11-416 59 -P
F 11 416 60 -P

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 13 2015

Abel Acosta, Clerk

IN THE
**COURT OF CRIMINAL APPEALS
OF TEXAS**

Richard

Balderas ,
**Appellant/Petitioner**

FILED IN
COURT OF CRIMINAL APPEALS

AUG 13 2015

Abel Acosta, Clerk

VS.

**THE STATE OF TEXAS,**
                    **Appellee/Respondent**

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

---

In Appeal No. 05-14-01081-CR
from the
**Court of Appeals
for the Fifth Judicial District
Dallas, Texas**

---

**Appellant's Name and Address**
Richard Balderas #1402l303
North Tower 3E-08
P.O. Box 660334
Dallas, TX. 75266

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .................................................................................. iii

STATEMENT REGARDING ORAL ARGUMENT ........................................ 1

STATEMENT OF THE CASE ......................................................................... 2

STATEMENT OF PROCEDURAL HISTORY .............................................. 2

GROUNDS FOR REVIEW ............................................................................. 3

GROUND FOR REVIEW NO. ONE
[Set out the Ground or Question Presented for Review]

GROUND FOR REVIEW NO. TWO
[Set out the Ground or Question Presented for Review]

ARGUMENT NUMBER ONE ......................................................................... 4

ARGUMENT NUMBER TWO ........................................................................ 5

PRAYER FOR RELIEF ................................................................................... 6

CERTIFICATE OF SERVICE ........................................................................ 6

APPENDIX [Opinion] .................................................................................... 7 (pg1-14)
[A copy of the Court Opinion must be attached to the Petition]

ii

# INDEX OF AUTHORITIES

CASES:

Basham V. State, 608 S.W. 2d 677, 678 (Tex.Crim.App.[Panel op] 1980) ........ 5

Boykin V. Alabama, 395 U.S 238, 243 (1969) ........ 5

Burke V. State, 80 S.W.3d ~~106~~ 82, 93 (Tex.App. - Fort Worth 2002 No Pet op on reh'g) .. 5

Cooks V. State, 240 S.W.3d 906, 910 (Tex.Crim.App. 2007) ........ 4

Coyler V. State, 428 S.W.3d 121-22 (Tex.Crim.App. 2014) ........ 4

Ex parte Duffy, 607 S.W. 2d ~~856 857-58~~ 507, 514 n. 14 (Tex.Crim.App. 1980) ........ 5

Ex parte Moody, 991 S.W. 2d 856, 857-58 (Tex.Crim.App. 1999) ........ 5

Ex parte Welborn, 785 S.W. 2d 391, 393 (Tex.Crim.App. 1990) ........ 5

Ex parte Wilson, 724 S.W. 2d 72, 74 (Tex.Crim.App 1987) ........ 5

Gallegos V. State, 756 S.W. 2d 45, 48 (Tex.App. - San Antonio 1988 Pet ref'd) ........ 5

Guidry V. State, 132 S.W.3d 611 (Tex.Crim.App. - Houston [1st Dist] 2004) ........ 4

Hernandez V. State, 726 S.W. 2d 53, 57-61 (Tex.Crim.App. 1986) ........ 5

Hill V. Lockhart, 474 U.S. 52, 58 59 L. Ed. 2d 203, 106 (1985) ........ 5

Jackson V. State, 766 S.W. 2d 504, 508 (Tex.Crim.App. 1985) ........ 5

King V. State 29 S.W.3d 556, 568 (Tex.Crim.App. 2000) ........ 4

McFarland V. State, 928 S.W. 2d 482, 501 (Tex.Crim.App. 1996) ........ 5

Mitchell V. State, 762 S.W. 2d 916, 921 N.11 (Tex.Crim.App. - San Antonio 1988 Pet ref'd) 4

Reyes V. State, 849 S.W. 2d 812, 815 (Tex.Crim.App 1993) ........ 4

State V. Gonzalez, 855 S.W. 2d 692, 695 (Tex.Crim.App. 1993) ........ 4

Stickland V. Washington, 466 U.S. 668 (1984) ........ 5

Wallace V. State, 106 S.W.3d 108 (Tex.Crim.App. 1993) ........ 4

Williams V. Taylor, 529 U.S. 362, 395-97 120 Sct 1495, 146 L.Ed.2d 389 (2000) ........ 5


Constitutional Provisions

U.S.CONST. amend. V, VI, XIV ........ 5

NO. F-11-41658-P

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

Richard

Balderas ,
Appellant/Petitioner

VS.

THE STATE OF TEXAS,
Appellee/Respondent

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
_____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant/Petitioner respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant/Petitioner requests oral argument in this case because such argument may assist the Court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.

1

## STATEMENT OF THE CASE

[Briefly state the nature of the case. This statement should seldom exceed half a

page. See Rule 68.4(d), Texas Rules of Appellate Procedure.] Appellants right to the effective assistance of counsel were deprived due to the fact that Attorney did not advice Appellant of his rights or options before entering court for a plea of Guilt and not stating the years offered by the state, otherwise Appellant would have taken 20 years instead of 40 years in TDC. Appellant entered plea of Guilty involuntarily. Appellant Appealed his sentence and asked for a hearing which was given a date for August 15, 2014 but Judge changed her mind and denied the hearing on August 1, 2014 until further notice by appellate court. Appellant now files for a PDR in order for the Appellate court to reconsider and grant appellant a hearing to address Appellants issues and arguments.

## STATEMENT OF PROCEDURAL HISTORY

[Statement of the history of the case. See Rule 68.4(e), Texas Rules of

Appellate Procedure, for the dates that must be included in this portion of the

Petition, including the filing and overruling of any motion for rehearing, if any.]

In Cause No. F-11-41658-P the Appellant/Petitioner was charged with

the offense of 3 Agg S A . The Appellant/Petitioner was convicted

of such offense on ~~May 14, 2014~~ June 10, 2014 and appealed the conviction.

On July 7, 2015 the Dallas Court of Appeals affirmed the conviction. No motion

for rehearing was filed. On 8-4-2015 this Petition for Discretionary Review

was timely forwarded to the Court of Appeals for filing pursuant to Rule 9.2(b),

Texas Rules of Appellate Procedure.

2

# GROUNDS FOR REVIEW

## I.

[State briefly, without argument, the grounds or questions on which the Petition are

based. See Rule 68.4(f), Texas Rules of Appellate Procedure.]

1. Judge committed a legal error in refusing to have the hearing.
   * Did judge have the right to deny my hearing?
   * Can Judge make decisions of punishment based on assumptions & not proven evidence?
2. An abuse of discretion

## II.

[Same format as above]

1. Appellant was deprived of his 6th Amend. right to the effective assistance of counsel.
2. A lawyer must thus give competent advice to defendant.
3. Appellant would have used the errors for negotiation purposes.
4. Counsel must make an independent investigation into the facts of the case.

[More than two Grounds for Review, along with accompanying Arguments, can be raised in a Petition, but the Petition cannot exceed 15 pages, exclusive of certain pages. See Rule 68.5, Texas Rules of Appellate Procedure.]

## ARGUMENT NUMBER ONE

[Rule 68.4(g), Texas Rules of Appellate Procedure, states: "The petition must

contain a direct and concise argument, with supporting authorities, amplifying the Judge committed a legal error in refusinging to have the hearing. Appellant met the procedural

reasons for granting review.  See Rule 66.3."

requirements for a hearing. the denial of a hearing on this motion for new trial was error if the motions implicated facts outside the record. Tex. R. App. P. 21.4, 21.6; Cooks V. State 240 S.W.3d 906, 910 (Tex. Crim. App. 2007; reyes V. State 849 S.W.2d 812, 815 (Tex. Crim. App. 1993) A A decision not to hold a hearing on a new trial motion is reviewed for an abuse of discretion. King V. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000) An abuse of discretion was arbitrary or Unreasonable including when no reasonable view of the record could support the trial Judges ruling. Cayler, 428 S.W.3d at 121-22. The purpose of a hearing on a motion for new trial is (1) to decide whether the cause shall be retried and (2) to prepare a record for representing issues On appeal in the event the motion is denied. State V. Gonzalez, 855 S.W.2d 692, 645 (Tex. Crim. Appeal 1993) It should be beyond dispute than an evidentiary hearing was required in Appellants case. Wallace 106 S.W.3d at 108; Reyes 849 S.W.2d at 816. This Court should accordingly reverse the ruling that denied Appellant's motions for new trial in all respects or in certain limited respects. Reyes 849 S.W.2d at 815-16. The appropiate remedy court is to abate the appeal and remand the cause to the trial court with directions for it to convene a hearing, on Appellants motion for new trial on the pertinent claims. Reyes 849 S.W.2d at 815-16; the Guidry V. State 132 S.W.3d 611 (Tex. App. — Houston [1st Dist] 2004) The Court of Appeals has the power to order Judge to have the hearing, and then Continue the appeal if judge still will not grant the motion. I pray to God everyday, to help me in my situation. I request to the Court of Appeals to simply send the case back to the trial court and force the trial Judge to have the hearing she had denied. All I ask for is to get one opportunity to address issues and arguments in Court at a hearing to defend my rights. I will gratefully appreciate it with all my heart. Please grant me the hearing with all due respect. I Ve Waited over a year to read a letter from my appeal lawyer stating that my appeal had been denied Which really crushed my heart in tears. I Just cant give up just yet. I I am not the same person I was 15 months ago Now I am changed and have plans for my life I no longer Doubts myself. My mom is suffering from heart problems and I Would like to be out to help her. Thats why I beg to the Court of Appeals to have pity over me and my family and grant me a hearing. God bless you all.

4

## ARGUMENT NUMBER TWO

Appellant was deprived of his Six Amendment right to the effective assistance of counsel. Under the [Same format as above.]

6th & 14th Amendments of the United States Constitution, all Appellants are entitled to the reasonably effective assistance of trial counsel. Stickland V. Washington, 466 U.S. 668 (1984); Hernandez V. State, 726 S.W.2d 53, 57-61 (Tex. Crim. App 1986) An attorney has a duty to exert his best efforts to ensure that his client's decisions are based on correct information, as to the applicable law U.S. CONST. amends. V, VI, XIV; Ex parte Wilson, 724 S.W.2d 72, 74 (Tex. Crim. App. 1987) A lawyer must thus give competent advice to a defendant that would promote an understanding of the law in relation to the facts and which would permit an informed and conscious choice U.S. CONST. amend. VI. Ex parte Wilson, 724 S.W.2d at 74; Gallegos V. State 756 S.W.2d 45, 48 (Tex. App. - San Antonio 1988 pet ref'd) To give competent advice, a lawyer must be a "loyal advocate" he must act in a reliable and adversarial manner; and he must actually and substantially assist his client in making any of the limited personal decisions the Appellant must make, such as what pleas to enter. Jackson V. State, 766 S.W.2d 504, 508 (Tex. Crim. App 1985); Mitchell V. State, 762 S.W.2d 916, 921 N. 11 922-25 (Tex. App. - San Antonio 1988, pet. ref'd) The failure of counsel to adequately explain a defendant's rights and relevant circumstances will render a defendant's decision regarding his pleas involuntary U.S. CONST. amends. V, VI, XIV; Boykin V. Alabama, 395 U.S. 238, 243 (1969) When a decision is involuntary for any reason a defendant has a due process right to make the decision again U.S. CONST. amends. V, XIV; Burke V. State, 80 S.W.3d 82, 93 (Tex. App. - Fort Worth 2002, no pet (op on reh'g) To insure that a plea is voluntary, a defendant must make decisions with a full understanding of the consequences. Basham V. State, 608 S.W.2d 677, 678 (Tex. Crim. App. [panel op.] 1980); Burke 80 S.W.3d at 93. Holding that when a decision to plead guilty is based on erroneous advice of counsel the plea is not voluntarily and knowingly entered. A defendant satisfies the 2nd prong of the Stickland test in the context of waiver of a right when there is a reasonable probability that, but for counsel's errors, the defendant would have exercised the right. Hill V. Lockhart, 474 U.S. 52, 58-59 88 L. Ed. 2d 203, 106 S.Ct. 366 (1985); Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999) Counsel must make an independent investigation into the facts of the case and ineffective assistance is rendered whenever a viable defense is not advanced due to failure of counsel to grasp the pertinent facts of law. Mcfarlan V. State, 928 S.W.2d 482, 501 (Tex. Crim. App 1996); Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); Ex parte Duffy 607 S.W.2d 507, 514 n.14 (Tex. Crim. App. 1980) Defense counsel's failure to investigate the basis for a mitigation defense can amount to ineffective assistance of counsel. Williams V. Taylor 529 U.S. 362, 395-97 120 S.Ct. 1495, 146 L. Ed. 2d 389 (2000) This court should conclude that the objectives of the Texas system of prohibitions penalties, and correctional measures were misapplied, and this court should accordingly sustain issues, set aside the trial or punisment courts sentence and grant a new trial on adjudication or a new trial on punisment. There are various facts that are raised in support of Appellant's claims of ineffective assistance of counsel and a fair reading of the materials presenting such facts gives rise to reasonable grounds showing that Appellant could be entitled to relief. Wallace 106 S.W.3d at 108; Reyes, 849 S.W.2d at 816

## PRAYER FOR RELIEF

For the reasons stated above, it is respectfully submitted that the Court of

Criminal Appeals of Texas should grant this Petition for Discretionary Review.

**Respectfully submitted,**

Richard Balderas #14021303
North Tower 3E-08
P.O. Box 660334
Dallas TX 75266

**APPELLANT'S NAME & ADDRESS**

## CERTIFICATE OF SERVICE

The undersigned Appellant/Petitioner hereby certifies that a true and correct

copy of the foregoing Petition for Discretionary Review has been mailed, U.S.

mail, postage prepaid, to the Office of the Criminal District Attorney for

Dallas County,

, and mailed via U.S. mail, to the Office of the State Prosecuting Attorney,

Austin , on the 4th day of August ,

20 15 .           Richard Balderas

**APPELLANT/PETITIONER**

6

Affirmed as Modified and Opinion Filed June 18, 2015

In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-14-01081-CR

No. 05-14-01082-CR

No. 05-14-01083-CR

RICHARD BALDERAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F-11-41658-P; F-11-41659-P; F-11-41660-P

# MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang
Opinion by Justice Bridges

Richard Balderas appeals three aggravated sexual assault convictions. Following the

State's motion to revoke appellant's community supervision and adjudicate appellant's guilt, the

trial court adjudicated appellant's guilt and sentenced him to forty years' confinement in each

case. In eight issues, appellant argues he received ineffective assistance of counsel, the trial

court misapplied the statutory imperatives for punishment, the trial court erred in denying

appellant's new trial motions without conducting a hearing, and the trial court failed to consider

the full range of punishment, failed to punish him for the underlying offense, and failed to make

findings regarding the conditions of community supervision that were violated. We affirm the

trial court's judgments.

In September 2011, appellant was indicted on three charges of aggravated sexual assault. Appellant, twenty-one years old at the time, was engaged in a sexual relationship with a thirteen-year-old girl. The record indicates appellant and the girl met on a social networking website and met on multiple occasions for sex. Appellant entered guilty pleas in each case and signed judicial confessions. In November 2012, the trial court entered orders of deferred adjudication community supervision in each case placing appellant on community supervision for ten years.

In July 2013, the State filed a motion to revoke appellant's community supervision, alleging appellant had violated the terms of his community supervision by not reporting to the community supervision office on two occasions; taking pictures of his penis and twice sending them to people he met on the internet; failing to complete sex offender treatment; watching pornography on a cell phone; and maintaining certain social media accounts where he met females in order to have sex with them.

In October 2013, the trial court continued appellant on community supervision and subsequently added terms requiring appellant to attend sex anonymous for ten days and allow inspections of his home and electronic devices. In January 2014, the State again filed a motion to revoke appellant's community supervision for violations similar to those alleged in the State's first motion. Appellant entered open pleas of true to the violations, and the trial court adjudicated appellant's guilt and sentenced him to forty years' confinement in each case. These appeals followed.

In his first, second, and third points of error, appellant argues he received ineffective assistance of counsel because trial counsel failed to present a forensic risk evaluation at the revocation proceedings; failed to contest the revocation pleadings and proof; and failed to assure that appellant's pleas were intelligent, voluntary, and knowing. Specifically, appellant complains the State presented evidence that appellant "exhibits many of the personality

characteristics of a psychopath," and trial counsel did not present a forensic risk evaluation that would have shown appellant presented "no elevations that should be considered to indicate the presence of clinical psychopathology." Appellant argues two of the allegations concerning violations of the terms of his community supervision "overlapped" in that one condition concerned participation in sex offender counseling and the other imposed a requirement to pass clinical polygraphs. Appellant argues each of these conditions concerned his termination from sex offender treatment "according to the discretion of a third party." Further, appellant argues the conditions only required participation in sex offender treatment, not successful completion of treatment. Appellant argues trial counsel should have thus "raised due process and failure of proof issues" as well as objecting that the conditions allowed for "revocation at the discretion of a third-party." Finally, appellant argues trial counsel's failure to advise him regarding the "due process and failure of proof issues" rendered his plea involuntary and prevented him from using the errors for negotiation purposes and exercising his right to raise objections. We review these claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, (1984).

Under *Strickland*, appellant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious that it deprived him of a fair trial. *Id.* at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. This deficiency will deprive appellant of a fair trial only when counsel's performance prejudices appellant's defense. *Id.* at 691–92. To demonstrate prejudice, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697. This test is applied to claims arising under both the United States

and Texas Constitutions. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). As a reviewing court, we look to the totality of the representation and to the circumstances of the case, not to isolated instances in the record reflecting errors of commission or omission. *Id.* Moreover, we consider the adequacy of assistance as viewed at the time of trial, rather than through hindsight. *Id.* at 482.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Ordinarily, counsel must be accorded an opportunity to explain his actions before being condemned as unprofessional and incompetent. *See Bone v. State* 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

The record in this case is silent as to why trial counsel did not seek to introduce a forensic risk evaluation, raise the suggested objections, or make appellant aware of the availability of these objections. However, the record shows the trial court had before it a competency evaluation, a presentence investigation report, and sex offender reports. Appellant had previously entered judicial confessions to aggravated sexual assault of a thirteen-year-old girl.

–4–

The trial court placed appellant on deferred adjudication community supervision for a period of ten years. The State filed a motion to revoke, but the trial court permitted appellant to remain on deferred adjudication community supervision. The State filed a second motion to revoke, alleging substantially similar violations of the conditions of appellant's community supervision. In both proceedings following the motions to revoke, it was clear appellant had not fulfilled the conditions of his community supervision, and he pled true to this fact. Having once succeeded in gaining a continuation of appellant's community supervision in the face of appellant's failure to comply with the conditions of his community supervision, trial counsel may have avoided introducing a forensic risk evaluation and raising the suggested objections in an effort to avoid emphasizing appellant's failure to comply and once again obtain a continuation of appellant's community supervision. Under these circumstances, we cannot conclude appellant received ineffective assistance of counsel. *See id.*; *Thompson*, 9 S.W.3d at 813. We overrule appellant's first, second, and third points of error.

In his fourth point of error, appellant argues the trial court misapplied the statutory imperatives for punishment. Specifically, appellant argues the imposition of forty-year sentences "was not necessary to protect the community or to prevent recurrence of unlawful sexual behavior, nor will such imprisonment accommodate recognition of differences in rehabilitation possibilities among offenders." Thus, appellant argues, "the objectives of the Texas system of prohibitions, penalties, and correctional measures were misapplied."

We review the sentences imposed by a trial court for an abuse of discretion. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim App. 1984); *see also Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (orders revoking community supervision reviewed for abuse of discretion). There is no abuse of discretion unless the decision is so arbitrary and capricious as to fall outside the zone of reasonable disagreement. *Green v. State*, 934 S.W.2d 92, 102 (Tex.

Crim. App. 1996). In general, punishment within the statutory range provided by the legislature is not excessive, cruel, or unusual, and will not be disturbed on appeal. *Jackson*, 680 S.W.2d at 814; *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd).

Here, appellant was charged with three offenses of aggravated sexual assault of a thirteen-year-old girl. *See* TEX. PENAL CODE ANN. § 22.01(a) (West 2011). The range of punishment for each case was incarceration for life or a term of not more than ninety-nine years or less than five years and an optional fine up to $10,000. TEX. PENAL CODE ANN. § 12.32(a)-(b) (West 2011). The forty-year sentences appellant received were well within the range of punishment. Thus, we conclude the trial court did not abuse its discretion in assessing appellant's sentences. *See Jackson*, 680 S.W.2d at 814; *Kirk*, 949 S.W.2d at 772. In reaching this conclusion, we reject appellant's contention that his sentences did not comport with the objectives of the Texas system of prohibitions, penalties, and correctional measures. *See Carpenter v. State*, 783 S.W.2d 232, 232-33 (Tex. App.—Dallas 1989, no pet.) (punishment assessed within range of punishment did not fail to comport with objectives of Texas Penal Code, i.e., deterrence, rehabilitation, and prevention). We overrule appellant's fourth point of error.

In his fifth point of error, appellant complains the trial court erred in denying his new trial motions without conducting an evidentiary hearing. Specifically, appellant complains his motion for new trial raised ineffective assistance of counsel issues with respect to counsel's failure to present a forensic risk evaluation, address the "variance" between the conditions of his community supervision and the revocation allegations, and address the issue of third party discretion and the use of polygraph results in revoking community supervision.

A defendant is entitled to a hearing on his motion for new trial if the motion and accompanying affidavit(s) "rais[e] matters not determinable from the record, upon which the

accused could be entitled to relief." *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003) (quoting *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)). To be sufficient to entitle the defendant to a hearing, the motion for new trial and accompanying affidavit(s) "need not establish a prima facie case" for a new trial. *Id.* (quoting *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). Rather, they "must merely reflect that reasonable grounds exist for holding that such relief could be granted." *Id.* (quoting *Martinez v. State*, 74 S.W3d 19, 22 (Tex. Crim. App. 2002)). The purpose of the hearing is to give the defendant an opportunity to fully develop the matters raised in his motion. *Id.* If the trial court denies a hearing on the motion for new trial and the defendant appeals from that denial, the appellate court must review the trial court's decision for abuse of discretion. *Id.*

We have already determined that counsel's decision not to introduce a forensic risk evaluation or put forth arguments concerning the "variance" or third party discretion did not render counsel ineffective. Appellant is essentially re-urging his ineffective assistance of counsel claim and arguing that the same issues that rendered counsel ineffective entitled him to a hearing on his motion for new trial. We disagree. Appellant's motion for new trial did not raise matters not determinable from the record, upon which appellant could have been entitled to relief. *See id.* Appellant testified at the hearing on the motion to revoke and admitted violating the conditions of his community supervision. The trial court also had before it appellant's admission that he had sex with the thirteen-year-old girl. Under these circumstances, we conclude the trial court did not abuse its discretion in not conducting a hearing on appellant's motion for new trial. *Id.* We overrule appellant's fifth point of error.

In his sixth, seventh, and eighth points of error, appellant argues the trial court violated his due process rights by failing to consider the full range of punishment, failing to punish him

for the underlying offense, and failing to make findings regarding the conditions that were violated.

A trial court's arbitrary refusal to consider the entire range of punishment for an offense or refusal to consider the evidence in imposition of a predetermined punishment constitute violations of a defendant's right to due process of law. *See Gaal v. State*, 332 S.W.3d 448, 457 n.27 (Tex. Crim. App. 2011). But, absent a clear, contrary showing, we presume that a judge acted as a neutral and detached hearing officer. *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

The Due Process Clause of the Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV. Similarly, the Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities . . . except by the due course of the law of the land." Tex. Const. art. I, § 19. The touchstone of due process is fundamental fairness. *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007).

Due process requires a neutral and detached judge. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). As a general rule, a judge's critical or disapproving remarks to a party will not ordinarily support a bias or partiality challenge, unless they reveal an opinion based on extrajudicial information. *Youkers v. State*, 400 S.W.3d 200, 208 (Tex. App.—Dallas 2013, pet. ref'd). Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the proceedings do not constitute bias or impartiality unless the remarks display a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Litekey v. United States*, 510 U.S. 540, 555 (1994).

–8–

In arguing the trial court failed to consider the full range of punishment, appellant first complains of the trial court's statements during the hearing on the state's first motion to revoke. Specifically, appellant cites the trial court's following statement at the October 2013 hearing:

> I don't like the things that you've done. It's just not within your rules and conditions that you take pictures of your penis and send the pictures on the Internet. I don't -- it's not within the rules of [sic] conditions that you continue to look at pornography. It's not within the rules of [sic] that you wait too late to admit to what you've done. So, I'm not happy with you. However, I cannot send someone to prison for what we think might happen by him admitting all these things, because the main thing about recovery is to be honest and admit everything. And personally, I think -- I can't see how you wouldn't be embarrassed to admit all these things. But on the other hand, I'm glad that you did because this gives us tools to work with to work with you. But you're on a -- you've got three life sentences looking at you. So I'm telling you right now, sir, I'm going to deny the State's motion to revoke and continue you on probation. But I want to know the first time that you -- I mean, I don't want you looking at pornography. I don't want you taking nude pictures of yourself. I want you to stay away from children as much as you can. If there is [sic] children around, you need to move around.

Appellant also cites the trial court's following statement at the June 2014 hearing:

> I do agree that you are a threat to society. Your demeanor on the witness stand is not the same demeanor that exist [sic] when you're trying to confront all these women. And when you are putting your penis on the Internet, when you are doing all these things that you're doing, you do not fool me at all. And these notes, it's almost like you're bragging to me. I think you think that you can just get by with it and I'm not going to let you get by with it. I'm going to sentence you to 40 years confinement in the Texas Department of Criminal Justice. And just remember this, I'm not sentencing you for necessarily the motion to revoke, but I'm going back and sentencing you what you did to this first thirteen-year-old girl. You groomed her. I don't know how you did it, but you groomed her, you had sex with her at church. Thirteen-year-old girl, you know better. So I have fear of what you do to other children out there. I don't want you on the streets.

Appellant argues the trial court pre-determined his punishment, "in essence by taking any position that any additional violations would result in revocation." The trial court does not violate due process by impressing upon a probationer the seriousness of possible consequences of probation. *See Ex Parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005). None of the trial court's comments are sufficient to rebut the presumption of a neutral and detached trial

court. The statements reflect both consideration of the evidence and events that occurred throughout the proceedings. Despite appellant's failure to comply with the conditions of his community supervision, the trial court gave appellant another chance by continuing him on community supervision after the State's first motion to revoke. Although the trial court told appellant he had "three life sentences looking at [him]," the trial court sentenced him to forty years. The trial court's comments do not reveal an opinion based on extrajudicial information. *See Youkers*, 400 S.W.3d at 208. We overrule appellant's sixth point of error.

Appellant next argues "the trial court focused on the violations of appellant's community supervision, not on the circumstances of the underlying offense." Thus, appellant argues, the trial court failed to punish him for the underlying offense: having sex with a thirteen-year-old girl. On the contrary, as quoted above, the trial court informed appellant the trial court was "not sentencing [him] for necessarily the motion to revoke, but . . . going back and sentencing [him] for what [he] did to this first thirteen-year-old girl." Thus, the record shows the trial court punished appellant for the underlying offenses. We overrule appellant's seventh point of error.

Finally, appellant complains the trial court failed to make findings regarding the conditions of community supervision that were violated. Appellant did not request findings. Texas courts require a defendant to make a request for specific findings and conclusions on the reasons underlying the revocation. *King v. State*, 649 S.W.2d 42, 46 (Tex. Crim. App. 1983). In the absence of such a request, an order revoking probation is sufficient, even though it does not recite the findings and conclusions upon which the trial court acted. *Id.* Appellant acknowledges this is the law but argues the failure to request specific findings should not apply in this case "since the trial court considered the prior proceedings to be intertwined, and because the first and second motions were overlapping with respect to" the alleged violations of the same three conditions of community supervision. We conclude this argument lacks merit. Further, the

motion to adjudicate is included in the record, and the judgments recite the trial court found the allegations in the motion to adjudicate had been proven. We overrule appellant's eighth point of error.

In a single cross point, the State argues the judgment in each case should be reformed to reflect that the sex offender registration requirements apply to appellant. We have the authority to correct the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2 (b). The judgments fail to state that the sex offender registration requirements apply to appellant. Appellant's convictions for sexual assault of a child are among those defined as a "[r]eportable conviction or adjudication" for purposes of the sex offender registration statute. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (conviction based on violation of section 22.001, sexual assault, is a "[r]eportable conviction or adjudication"). Appellant's convictions for sexual assault of a child are therefore "[r]eportable conviction[s] or adjudication[s]." As a person who has reportable convictions or adjudications, appellant is subject to the registration requirements of the sex offender registration program. *See id.* art. 62.051. Accordingly, we modify the judgment in each case to show that the sex offender registration requirements apply to appellant and that the age of the victim at the time of the offense was under fourteen years of age.

As modified, we affirm the trial court's judgments.

Do Not Publish
TEX. R. APP. P. 47.2(b)

141081F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–11–

# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RICHARD BALDERAS, Appellant

No. 05-14-01081-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1141658-P.
Opinion delivered by Justice Bridges.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The language "Sex Offender Registration Requirements do not apply to the Defendant" is deleted and "Sex Offender Registration Requirements do apply to the Defendant" is substituted.

Following the language "The age of the victim at the time of the offense," "N/A" is deleted, and "younger than fourteen" is substituted.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 18, 2015.

# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RICHARD BALDERAS, Appellant

No. 05-14-01082-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1141659-P.
Opinion delivered by Justice Bridges.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The language "Sex Offender Registration Requirements do not apply to the Defendant" is deleted and "Sex Offender Registration Requirements do apply to the Defendant" is substituted.

Following the language "The age of the victim at the time of the offense," "N/A" is deleted, and "younger than fourteen" is substituted.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 18, 2015.

# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RICHARD BALDERAS, Appellant

No. 05-14-01083-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1141660-P.
Opinion delivered by Justice Bridges.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The language "Sex Offender Registration Requirements do not apply to the Defendant" is deleted and "Sex Offender Registration Requirements do apply to the Defendant" is substituted.

Following the language "The age of the victim at the time of the offense," "N/A" is deleted, and "younger than fourteen" is substituted.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 18, 2015.

-14-